A CERTIFIED TRUE COPY
ATTEST

By Tanisha Spinner on Dec 03, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

Dec 03, 2008

FILED
CLERK'S OFFICE

**IN RE: POLAR BEAR ENDANGERED SPECIES ACT**
**LISTING AND § 4(d) RULE LITIGATION**                              MDL No. 1993

**TRANSFER ORDER**

**Before the entire Panel:**[*] Intervenor defendant Alaska Oil and Gas Association in an action in the Northern District of California (*Center for Biological Diversity*) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of District of Columbia or, alternatively, the District of Alaska.

The other parties have expressed a variety of views concerning the best way to adjudicate this series of cases. The State of Alaska, which is a plaintiff in an action in the District of District of Columbia, supports the motion. Plaintiffs Safari Club International and Safari Club International Foundation (collectively Safari Club) support the motion, except they request that the Panel exclude the first-filed action in the District of District of Columbia, *Safari Club International*, from any order of centralization. Intervenor defendant Arctic Slope Regional Corp. in *Center for Biological Diversity* supports centralization in the District of Alaska or, alternatively, the District of District of Columbia. Plaintiffs[1] in the District of District of Columbia *American Petroleum Institute* action and the federal defendants[2] support centralization in the District of District of Columbia. Plaintiffs[3] in *Center for Biological Diversity* and intervenor plaintiffs[4] in two actions oppose centralization and,

---

[*]   Judge Vratil did not participate in the decision of this matter.

[1]   The American Petroleum Institute, the Chamber of Commerce of the United States of America, the National Mining Association, the National Association of Manufacturers, and the American Iron and Steel Institute.

[2]   Secretary of the Interior Dirk Kempthorne and the U.S. Fish and Wildlife Service are defendants in all actions. Director of the U.S. Fish and Wildlife Service H. Dale Hall is a defendant in all three District of District of Columbia actions.

[3]   The Center for Biological Diversity, the Natural Resources Defense Council, and Greenpeace.

[4]   The Humane Society of the United States, the International Fund for Animal Welfare, and Defenders of Wildlife are intervenors in the District of District of Columbia *Safari Club*

- 2 -

alternatively, support centralization in the Northern District of California.

This litigation currently consists of four actions listed on Schedule A and pending in two districts as follows: three actions in the District of District of Columbia and an action in the Northern District of California. In addition, other related actions are soon likely to increase the complexity of the litigation.[5] Accordingly, there are sufficient dynamics involved here that warrant our concern for overlapping and duplicative activity.

This group of cases is unlike many others that the Panel routinely encounters because the amount of pretrial discovery may be less onerous than in other litigations and because common legal issues may predominate the unresolved matters. The Panel must determine the extent of the common factual issues and the likelihood that centralized pretrial proceedings will create important efficiencies, avoid inconsistent rulings, and result in the overall fairer adjudication of the litigation for the benefit of all involved parties. On balance, the Panel concludes that centralization will promote all of these goals. All actions do share factual questions springing from the listing of the polar bear as a threatened species under the Endangered Species Act, 16 U.S.C. §§ 1531, *et seq.*, the related issuance of the interim Section 4(d) rule, *see* 73 Fed. Register 28,306 (May 15, 2008), and the consequences of those decisions. Centralization under Section 1407 will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly those with respect to the identification of the underlying administrative record. Streamlining the pretrial resolution of such issues will avoid potentially conflicting obligations placed upon the federal defendants. On the basis of the papers and hearing arguments, therefore, we find that these four actions involve common questions of fact, and that centralization of all actions under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Safari Club, which is the plaintiff in an action and a potential tag-along action pending in the District of District of Columbia, seeks exclusion of the *Safari Club International* action from any centralized proceedings, arguing that the action is legally distinct in that it does not challenge the listing decision or the Section 4(d) rule. We do not find this argument persuasive in these circumstances. True, the *Safari Club International* action does involve a unique legal issue regarding the import of polar bear trophies under the Marine Mammal Protection Act, 16 U.S.C. §

---

*International* action. Defenders of Wildlife has also moved to intervene in *Center for Biological Diversity*.

[5] The parties have notified the Panel of four related actions pending as follows: two actions each in the District of District of Columbia and the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 3 -

1631, *et seq.* Where the underlying actions spring from a common factual core, as all the actions do here, and where, as here, the action is already pending before our proposed transferee judge, much is potentially gained and little lost by centralization.

We are of the view that the District of District of Columbia is an appropriate transferee forum. The District of District of Columbia is where the relevant decision makers are located, and three actions and two potential tag-along actions are presently pending there. In addition, most plaintiffs and intervenors, which are national advocacy groups, have a presence in the district as well. Judge Emmet G. Sullivan enjoys favorable docket conditions and will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of District of Columbia is transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Emmet G. Sullivan for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil* | David R. Hansen |
| W. Royal Furgeson, Jr. | |

**IN RE: POLAR BEAR ENDANGERED SPECIES
ACT LISTING AND § 4(d) RULE LITIGATION**      MDL No. 1993

## SCHEDULE A

<u>Northern District of California</u>

Center For Biological Diversity, et al. v. Dirk Kempthorne, et al., C.A. No. 4:08-1339

<u>District of District of Columbia</u>

Safari Club International, et al. v. Dirk Kempthorne, et al., C.A. No. 1:08-881
State of Alaska v. Dirk Kempthorne, et al., C.A. No. 1:08-1352
American Petroleum Institute, et al. v Dirk Kempthorne, et al., C.A. No. 1:08-1496