**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION** <br><br> **This Document Relates To:** <br> **ALL CASES** | **Misc. Action No. 08-764 (EGS)** <br> **MDL Docket No. 1993** |

## INITIAL PRACTICE & PROCEDURE ORDER

This order shall, unless superseded by subsequent orders, govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of December 3, 2008, as well as any related or "tag-along" actions originally filed in this Court or transferred or removed to this Court.  As of this date, those actions are:

No. 1:08-cv-0881, *Safari Club International, et al. v. Kempthorne, et al.*
No. 1:08-cv-1352, *State of Alaska v. Kempthorne, et al.*
No. 1:08-cv-1496, *American Petroleum Institute, et al. v. Kempthorne, et al.*
No. 1:08-cv-1550, *Safari Club International, et al. v. Kempthorne, et al.*
No. 1:08-cv-1689, *California Cattlemen's Association, et al. v. Kempthorne, et al.*
No. 1:08-cv-2113, *Center for Biological Diversity, et al. v. Kempthorne, et al.*
 (transferred from N.D. Cal.)

It is this 12th day of December, 2008, hereby **ORDERED** that

1.     All such actions (hereinafter "these actions") – including actions filed, transferred, or removed subsequent to the issuance of this order – shall be consolidated for pretrial purposes. Any party that objects to such consolidation or to any other provision of this order must raise that objection at the Initial Scheduling and Case Management Conference (to be set by this order) or, if the case is consolidated herewith following that conference, such party must raise the objection by a motion for relief from this order within ten (10) days of either counsel's first appearance

herein or the entry of a consolidation order in such case, whichever is earlier.

2.    The Clerk of Court shall maintain a Master Docket and electronic case file under the caption "*In re Polar Bear Endangered Species Act Listing and § 4(d) Rule Litigation*" and the case number 1:08-mc-0764 (EGS).  All pleadings, motions, or other papers relating to these actions ***shall be filed in the Master Docket only***, unless otherwise directed by the Court.  Every such pleading, motion, or paper shall bear the following caption:

| | |
|---|---|
| **IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION** <br><br> **This Document Relates To:** | **Misc. Action No. 08-0764 (EGS) MDL Docket No. 1993** |

When the document being filed pertains to all cases, the phrase "**ALL CASES**" shall appear immediately below the phrase "This Document Relates To."  When the document pertains to fewer than all cases, the document shall list each case to which the document relates on a separate line below the phrase "This Document Relates To," including the individual civil action number assigned by the Clerk of ***this Court***, (e.g., "*Center for Biological Diversity, et al. v. Kempthorne, et al.*, No. 1:08-cv-2113").

3.    Any paper that is to be filed in any of these actions shall be filed in this Court and not with the transferor district court.

4.    All papers shall be filed by electronic means, via the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in)

Local Civil Rule 5.4.  Counsel who are not already registered for CM/ECF access shall promptly

obtain a CM/ECF password from the Clerk of the Court, per the requirements of Local Civil

Rule 5.4(b).  Additional information about the CM/ECF system and obtaining a CM/ECF

password is available on the Court's web site, www.dcd.uscourts.gov.  As provided by Local

Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on

all parties whose counsel have obtained CM/ECF passwords.  Counsel who have not yet obtained

CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal

Rules of Civil Procedure.

5.      At the Initial Scheduling and Case Management Conference, the parties shall

present to the Court a list showing the attorney(s) to be noticed for each party and certification(s)

that the attorney(s) can be served via the CM/ECF system.

6.      Any paper filed herein that is substantially identical to any other paper filed herein

shall be sufficient if it incorporates by reference the paper to which it is substantially identical.

Where counsel for more than one party plan to file substantially identical papers, they shall, if

practicable, join in the submission of such papers and shall file only one paper on behalf of all

parties so joined.

7.      All motions heretofore filed and docketed in any of the individual actions shall be

administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket.

8.      Defendants shall file a Notice of Related Case in the Master Docket whenever a

case is filed in this Court that defendants believe should be consolidated into this action.

9.      The terms of this order shall not have the effect of making any person,

corporation, or entity a party to any action in which he, she, or it has not been named, served, or

added as such, in accordance with the Federal Rules of Civil Procedure.

10.     Defendants' obligations to answer or otherwise respond to the initial complaints filed in these actions shall remain stayed pending the Initial Scheduling and Case Management Conference and further order of the Court.

11.     All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court.

12.     Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

13.     Counsel shall familiarize themselves with the Local Civil Rules of this Court, which are available on the Court's web site, www.dcd.uscourts.gov.  Except as provided herein to the contrary, the parties shall comply with all such rules.  The parties are directed especially to the requirements of Local Civil Rule 5.1(b), regarding written correspondence with the Court (which shall be by motion, opposition, and reply, rather than letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c), regarding the submission of proposed orders with all motions and oppositions.

14.     Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct.

15.     The Court will be guided by the *Manual for Complex Litigation 4th*, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves

-4-

with that publication.

16.     No parties to any of these actions shall be required to obtain local counsel in this

district, and the requirements of Local Civil Rule 83.2 are waived as to any attorney appearing in

these actions who is duly admitted to practice before any United States District Court.

17.     All other matters will be discussed at the Initial Scheduling and Case Management

Conference, which is hereby set for *February 9, 2009, at 10:00 a.m. in Courtroom 24A*.

Counsel who attend must be sufficiently familiar with the case to answer any questions that arise;

parties are welcome to attend.  If necessary, and with consent of the Court, counsel who reside

outside of the metropolitan Washington, D.C., area may participate in the conference

telephonically, provided that all counsel who wish to do so jointly make arrangements for a dial-

in telephone conferencing service (i.e., a single telephone number that can be used to connect all

telephonic participants).  In the event that any counsel wish to participate telephonically, a

designee of all such counsel shall contact chambers of the undersigned judge no later than two

business days in advance of the conference to provide a telephone number and, if necessary, a

participant access code for the telephone conferencing service.  All telephonic participants shall

be online by not later than 9:55 a.m. on the date of the conference.

18.     In lieu of complying with the specific requirements of Local Civil Rule 16.3,

counsel shall, by not later than January 12, 2009, meet, confer, and seek consensus regarding a

proposed Scheduling Order and Case Management Plan that will facilitate the just, speedy, and

inexpensive determination of all pretrial matters.  Counsel shall discuss all matters that are likely

to be addressed at the Initial Scheduling and Case Management Conference, including (but not

limited to) the following:

a.      Whether there is a realistic possibility of settling the case without judicial action.

b.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of ADR, such as referral to a magistrate judge for purposes of facilitating settlement discussions.  In assessing the above, counsel shall consider:

   (i)     the client's goals in bringing or defending the litigation;

   (ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

   (iii)   the point during the litigation when ADR would be most appropriate, with special consideration given to:

      (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

      (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv)    whether the parties would benefit from a neutral evaluation of the case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

   (v)     whether cost savings or any other practical advantages would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.

c.      Appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof; dates for filing Rule 23 motions and oppositions and replies thereto; possible dates for oral argument and/or an evidentiary hearing on the motions; whether the Court should designate interim counsel to act on behalf of the putative class or classes; and, in the event one or more classes is certified, procedures for considering appointment of class counsel.

d.      The possibility of filing a consolidated amended complaint in all or any of the cases, and the timing thereof.

e.      The date by which any other parties shall be joined or the pleadings amended.

f.      Dates for defendants to file responsive pleadings (consolidated or otherwise)

and/or Rule 12 motions.

g.      Whether some or all of the factual or legal issues can be agreed upon or narrowed.

h.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, if not, what if any changes should be made in the scope, form or timing of those disclosures.

i.      Whether discovery should be allowed, bifurcated and/or managed in phases, and a specific proposal for any such bifurcation.

j.      The anticipated extent of discovery, if any; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.

k.      Whether a master should be appointed pursuant to Federal Rule of Civil Procedure 53 to oversee discovery and to resolve discovery disputes.

l.      Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.  *See* Fed. R. Civ. P. 26(f)(3), as amended effective December 1, 2006.

m.      Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the Court to include their agreement in an order.  *See* Fed. R. Civ. P. 26(f)(4), as amended effective December 1, 2006.

n.      Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur.

o.      Whether parties are likely to file dispositive motions and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies.

p.      Such other matters that the parties believe may be appropriate for inclusion in the Scheduling Order and Case Management Plan.

q.      Suggestions for additional items to be included on the agenda for the Initial Scheduling and Case Management Conference.

By not later than January 26, 2009, the attorneys of record shall jointly submit to the Court a written report that outlines the proposed Case Management Plan, including a succinct statement of all agreements reached with respect to any of the above issues, a description of the positions of each party on any matters as to which they disagree, and a proposed Scheduling Order.

19.     At the Initial Scheduling and Case Management Conference, counsel for plaintiffs shall be prepared to discuss the need for and designate an appropriate and limited number of liaison counsel, subject to the approval of the Court.  Liaison counsel shall be authorized to represent all parties within their liaison group solely for purposes of (1) conferring on nondispositive motions and (2) appearing at future conferences and hearings before the Court. Liaison counsel shall also be authorized to receive orders and notices from the Court and from the Judicial Panel on Multidistrict Litigation on behalf of all parties within their liaison group and shall be responsible for preparing and transmitting copies of such orders and notices to the parties in their liaison group.  Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.

20.     Copies of this Initial Practice & Procedure Order will be sent, via either the CM/ECF system or first-class mail, to each attorney designated as an "attorney to be noticed" in the court in which the initial complaint was filed in any of the cases identified on the first page of this order.  Following the Initial Scheduling and Case Management Conference, orders and notices from the Court will be sent to the attorney(s) of record for each party only pursuant to paragraph 5 of this order.  Further, once any liaison counsel have been designated for plaintiffs, orders and notices from the Court will not be sent by means other than the CM/ECF system to

plaintiffs' counsel other than liaison counsel.

**SO ORDERED**.

_____ /s/
Emmet G. Sullivan
United States District Judge

Date: December 12, 2008