## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION** | Misc. Action No. 08-0764 (EGS) |
| | MDL Docket No. 1993 |
| **This Document Relates To:** | Honorable Emmet G. Sullivan |
| *Center for Biological Diversity, et al. v. Kempthorne, et al.*, No. 1:08-cv-2113 | |

## ALASKA OIL AND GAS ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO AMEND TRANSFEROR COURT'S INTERVENTION ORDER

### I.     INTRODUCTION

There is a clear and certain conflict among intervention orders entered in the cases that have been centralized and consolidated before this Court.  The intervention orders entered in the *Center for Biological Diversity v. Kempthorne* litigation, while the case was pending in the Northern District of California ("Transferor Court"), conflict with the intervention orders entered by this Court in the other cases originally filed in the District of Columbia.  The Transferor Court applied restrictive rules of intervention that are contrary to the well-established and controlling law of the Court of Appeals for the District of Columbia, that contravene the plaintiffs' consent to Alaska Oil and Gas Association's ("AOGA's") intervention, and that impose highly restrictive page limits on merits briefing to which other intervening parties in these cases are not subjected. The Center for Biological Diversity ("CBD")[1] **does not dispute** any of these key points in opposing AOGA's motion to amend the Transferor Court's intervention order.

---

[1] As used here, "CBD" is a collective reference to the plaintiff conservation advocacy groups in *Center for Biological Diversity v. Kempthorne*, on whose behalf an opposition to AOGA's motion has been filed.  *See* Docket #9.  No other response in opposition to AOGA's motion has been filed.  *See* Docket #5 at n.1 (AOGA's LCvR 7(m) certification).

## II.     MATTERS CONCEDED

CBD's opposition to AOGA's motion to amend the Transferor Court's intervention order does not dispute the essential points supporting AOGA's motion:

- A transferor court's orders are not treated as the law of the case, and a transferee court may vacate or modify any order of a transferor court.

- When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located.

- An essential purpose of the multidistrict transfer procedure is the authority of the transferee judge to eliminate conflicting pretrial rulings.

- A substantial conflict exists between the intervention orders entered regarding AOGA (and others) by the Transferor Court and the intervention orders entered by this Court. The Transferor Court entered an order that restricts intervention on the merits and that restricts merits briefing by AOGA that is inconsistent with other intervention orders entered in these consolidated cases.

- The intervention order entered as to AOGA conflicts with well-established law applicable to cases pending within the jurisdiction of the Court of Appeals for the District of Columbia, including the mandate for a liberal approach to intervention.

- The intervention order entered as to AOGA conflicts with CBD's original consent to AOGA's full intervention on the merits of plaintiffs' claims.  Indeed, CBD again acknowledges that it does not oppose AOGA's intervention in the merits of all claims. *See* Docket #9 at 2 ("Plaintiffs do not object in principle to AOGA's intervention in either its NEPA or its APA claims").

ALASKA OIL AND GAS ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO AMEND TRANSFEROR COURT'S INTERVENTION ORDER - 2

These undisputed facts and authorities support a ruling in AOGA's favor granting its motion to amend the Transferor Court's intervention order.

## III.    ARGUMENT

Although the merits of AOGA's motion to amend the Transferor Court's intervention order are undisputed, CBD nevertheless asks this Court to stay or deny the motion.  According to CBD, the issues raised by AOGA will be addressed in an anticipated case management order, and some of the claims for which AOGA seeks intervention "may well change" as a result of the possible amendment of claims.  However, CBD's vague contentions provide no grounds to deny or stay AOGA's motion.

First, the case management plan does not address the inconsistencies between the present intervention orders entered by the Transferor Court and by this Court.  The parties to this consolidated litigation have diligently engaged in (and, at the time of this filing, are still engaged in) discussions regarding a case management plan and proposed order.  However, the plan and proposed order will not resolve the issues raised in this motion.  The case management plan and proposed order is expected to present to the Court alternative forms of organization and timing for briefing of a series of pretrial issues, including filing of the administrative record and related disputes regarding the completeness of the record, motions to dismiss, motions to amend claims and serial summary judgment briefing of the novel and complex issues raised in these cases.   In this context, CBD has expressly declined broad consent to intervention in its claims.  In any event, the scope of intervention as to any party, and in particular as to issues previously addressed by the Transferor Court's still effective orders, must be affirmatively resolved by this Court irrespective of any consents.

Second, the merits of AOGA's intervention will not be clarified at some unspecified date by unspecified amendments to unspecified claims.  There is neither dispute nor opposition as to

AOGA's entitlement to intervention in the merits of the pending claims.  If and when CBD seeks to amend its claims, it will be a simple matter, based upon the existing record and law, to extend intervention to the amended claims coincident with an order granting leave to amend claims. However, in the interim, without basis in law or fact, and in conflict with other orders of this Court, AOGA's participation in this litigation is narrowly restricted as to the very rights that matter most – the extent of its standing in this case as a party on all issues, and the extent to which it is entitled to brief those claims to which it has been granted intervention.

## IV.    CONCLUSION

AOGA's right to fully participate in this centralized litigation, and this Court's authority to so order, is undisputed.  Accordingly, for the foregoing reasons, AOGA respectfully requests that this Court grant its motion to amend the Transferor Court's order on intervention.[2]

DATED this 26th day of January, 2009.

STOEL RIVES, LLP

s/Jeffrey W. Leppo
Jeffrey W. Leppo, DC Bar #493482
600 University Street, Suite 3600
Seattle, Washington  98101
Phone:  (206) 386-7641
Fax:  (206) 386-7500
Email:  jwleppo@stoel.com
*Attorneys for Intervenor-Defendant*
*Alaska Oil and Gas Association*

---

[2] In its opening brief on this motion, AOGA acknowledged the then-pending Petition for Writ of Mandamus before the Ninth Circuit concerning the terms of its intervention.  *See* Docket #5 at n.4.  In light of centralization before this Court and the filing of the present motion, AOGA moved to voluntarily withdraw its Petition and the Ninth Circuit has so ordered.

**Certificate of Service**

I hereby certify that on January 26, 2009, I electronically filed the foregoing *Alaska Oil and Gas Association's Reply In Support of Motion To Amend Transferor Court's Intervention Order* with the Clerk of the Court for the United States District Court – District of Columbia by using the CM/ECF system.  Participants in this case No. 08-0764 (EGS) who are registered CM/ECF users will be served by the CM/ECF system.   I further certify that some of the participants listed in the December 24, 2008 Conditional Transfer Order MDL No. 1993 Involved Counsel List (CTO-1) are not registered CM/ECF users.  I have emailed and mailed via U.S. First Class Mail the foregoing document to the following non-CM/ECF participants:

Howard M. Crystal
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW, Suite 700
Washington, DC  20009-1035
Attorneys for Defenders of Wildlife, Humane Society of the United States, International Fund for Animal Welfare
*Email:  howardcrystal@meyerglitz.com*

Paul W. Kaufman
U.S. Department of Justice
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Attorneys for Federal Defendants
*Email:  paul.kaufman2@usdoj.gov*

Roger R. Martella
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
Attorneys for National Petrochemical & Refiners Association
*Email:  rmartella@sidley.com*

Kendra D. McGuire
BARLEY SNYDER LLC
126 East King Street
Lancaster, PA  17602
Attorneys for Donald C. Hershey and Ronald E. Kreider
*Email:*  *kmcguire@barley.com*

Kassia Rhoades Siegel
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA  92252
*Email:*  *ksiegel@biologicaldiversity.org*

Clifford Eugene Stevens
U.S. Dept. of Justice Environment
 & Natural Resources Division
601 D Street, N.W.
Washington, DC  22201
Attorneys for Federal Defendants
*Email:*  *clifford.stevens@usdoj.gov*

Sean E. Summers
BARLEY SNYDER LLC
100 East Market Street
P.O. Box 15012
York, PA  17405-7012
Attorneys for Donald C. Hershey and Ronald Kreider
*Email:*  *ssumers@barley.com*

Andrew Elsas Wetzler
Natural Resources Defense Council, Inc.
101 N. Wacker Drive, Suite 609
Chicago, IL  60606
*Email:*  *awetzler@nrdc.org*

/s/ Jeffrey W. Leppo