IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
IN RE POLAR BEAR ENDANGERED        )
SPECIES ACT LISTING AND § 4(d)           )          Misc. Action No. 08-0764 (EGS)
RULE LITIGATION                                    )          MDL Docket No. 1993
_____)
                                                        )
This Document Relates To:                       )
                                                        )
CONSERVATION FORCE, et al.                )          Civ. No. 09-00245 (EGS)
                                                        )
         Plaintiffs,                                    )
                                                        )
         v.                                               )
                                                        )
KENNETH SALAZAR, et al.,                    )
                                                        )
         Defendants,                                  )
                                                        )
and                                                       )
                                                        )
THE HUMANE SOCIETY OF THE           )
UNITED STATES,                                   )
2100 L Street, N.W.                                 )
Washington, D.C. 20037,                          )
                                                        )
INTERNATIONAL FUND FOR             )
ANIMAL WELFARE,                               )
1350 Connecticut Avenue N.W.                  )
Washington, D.C. 20036                           )
                                                        )
DEFENDERS OF WILDLIFE,                   )
1130 17th Street, N.W.                              )
Washington, D.C. 20036,                          )
                                                        )
Proposed Intervenor-Defendants.               )
_____)

## [PROPOSED] ANSWER

Intervenor-Defendants The Humane Society of the United States, International Fund For

Animal Welfare, and Defenders of Wildlife hereby answer Plaintiffs Conservation Force, et

al.'s Complaint as follows:

1.     This paragraph contains Plaintiffs' characterizations of this action and legal conclusions to which no responses are required, and is denied on that basis.

2.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph.

3.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of the first sentence. As to the second sentence, Intervenors deny that Canada has not listed the polar bear under its Species at Risk Act (SARA). The species is listed on Schedule 3 of that Act and is "awaiting re-assessment . . . for possible uplisting to Schedule 1." 73 Fed. Reg. 28,212, 28,285 (May 15, 2008). However, Schedule 3 does not compel protective measures for the polar bear. *Id.*

4.     Intervenors admit that Fish and Wildlife Service's (FWS) listing rule is based on projections of population status, not on current population numbers, but deny that the "here-and-now" status of the species is not of concern. Intervenors deny all other averments in this paragraph.

5.     Intervenors deny the averments in this paragraph.

6.     This paragraph contains Plaintiffs' characterizations of this action and legal conclusions to which no responses are required, and is denied on that basis.

7.     Intervenors deny the averments in the first sentence but admit that FWS's listing rule is based on projections of population status, not on current population numbers. Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remainder of this paragraph.

8.      The first sentence characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content. The second sentence contains Plaintiffs' legal conclusions to which no responses are required, and is denied on that basis.

9.      This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content.

10.     Intervenors deny the allegations in this paragraph.

11.     This paragraph contains Plaintiffs' legal conclusions to which no responses are required, and is denied on that basis.

12.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph.

13.     This paragraph contains Plaintiffs' legal conclusions to which no responses are required, and is denied on that basis.

14.     Admitted.

15.     This paragraph contains Plaintiffs' legal conclusions to which no responses are required, and is denied on that basis.

16.     Intervenors lack information or knowledge sufficient to form a belief as the truth of most of this paragraph, but deny that killing polar bears or importing polar bear trophies furthers the conservation of the species, and deny that the listing undermined conservation efforts for the polar bear.

17.     Intervenors lack information or knowledge sufficient to form a belief as the truth of most of this paragraph, but deny that killing polar bears or importing polar bear trophies furthers the conservation of the species, and deny that the listing undermined conservation efforts

for the polar bear.  Intervenors admit in sentence 9 that the Inuvialuit Game Council implements the Inuvialuit-Inupiat Polar Bear Management Agreement with the North Slope Borough.

18.     Intervenors lack information or knowledge sufficient to form a belief as the truth of this paragraph.

19.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph, but deny that killing polar bears or importing polar bear trophies furthers the conservation of the species.

20.-50.  Intervenors lack information or knowledge sufficient to form a belief as the truth of these paragraphs, but deny that killing polar bears or importing polar bear trophies furthers the conservation of the species, and deny that listing the species has undermined conservation efforts.  Intervenors also deny that polar bear mortality and Canadian conservation efforts on behalf of polar bears will be unaffected by the listing or the ban on polar bear imports into the United States.

51.     Intervenors admit that the Secretary of the Interior has responsibility for the challenged decision, but aver that Kenneth Salazar held that position when this case was filed, and holds that position today.  Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining averments in this paragraph.

52.     Intervenors admit that the Director of the Fish and Wildlife Service also has responsibility for the challenged decision but aver that Rowan Gould holds that position.

53.     Admitted.

54.     This paragraph contains legal conclusions as to which no response is required, and is denied on that basis.

4

55.     The first two sentences in this paragraph contain legal conclusions as to which no response is required, and are denied on that basis. The third sentence quotes a Federal Register notices that speaks for itself and provides the best evidence of its content.

56.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content, but Intervenors deny that killing polar bears or importing polar bear trophies furthers the conservation of the species.

57.     This paragraph contains Plaintiffs' characterization of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, et seq., which speaks for itself and is the best evidence of its contents. To the extent this paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

58.     The first sentence contains Plaintiffs' characterization of the ESA, which speaks for itself and is the best evidence of its contents. To the extent this sentence contains Plaintiffs' legal conclusions, no response is required, and denied on that basis. The second sentence contains legal conclusions as to which no response is required.

59.     This paragraph contains Plaintiffs' characterization of the ESA, which speaks for itself and is the best evidence of its contents. To the extent this paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

60.     The first and last sentences in this paragraph contain legal conclusions as to which no response is required, but are denied in any event. The second sentence quotes a Federal Register notice that speaks for itself and provides the best evidence of its content.

61.     This paragraph contains Plaintiffs' characterization of the ESA's legislative history, which speaks for itself and is the best evidence of its contents. To the extent this

paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

62.     The first sentence in this paragraph contains legal conclusions as to which no response is required, and denied on that basis. The second sentence contains Plaintiffs' characterization of the ESA, which speaks for itself and is the best evidence of its contents. This sentence also contains Plaintiffs' legal conclusions to which no response is required, and denied on that basis.

63.     The first sentence contains Plaintiffs' characterization of the ESA's legislative history, which speaks for itself and is the best evidence of its contents. The second sentence contains Plaintiffs' legal conclusions to which no response is required, and is denied on that basis.

64.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content. To the extent this paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

65.     The first sentence contains legal conclusions as to which no response is required, and is denied on that basis. As to the second sentence, Intervenors admit that FWS listed the entire polar bear species as threatened, but Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining averments in the sentence.

66.     The first sentence contains legal conclusions as to which no response is required, and is denied on that basis. As to the second sentence, Intervenors admit that the FWS listed the polar bear as threatened throughout its entire range.

67.     This paragraph contains legal conclusions as to which no response is required, and is denied on that basis.

68.     This paragraph contains legal conclusions as to which no response is required, and is denied on that basis, but Intervenors also deny that killing polar bears or importing polar bear trophies furthers the conservation of the species.

69.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content. This paragraph also contains legal conclusions as to which no response is required, and is denied on that basis, but Intervenors also deny that killing polar bears or importing polar bear trophies furthers the conservation of the species.

70.     Admitted.

71.     The first sentence contains Plaintiffs' characterization of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §§ 1541, et seq., which speaks for itself and is the best evidence of its contents. As to the second sentence, Intervenors admit that the MMPA's import prohibitions for depleted species are "triggered by the ESA listing," but the remaining averments in the sentence contain legal conclusions as to which no response is required, and are denied on that basis.

72.     This paragraph contains legal conclusions as to which no response is required, but Intervenors admit that "[h]unting trophies of 'depleted' populations of polar bear cannot be imported."  The remaining averments in this paragraph are denied.

73.     The first, second, and third sentences contain legal conclusions as to which no response is required, and are denied on that basis. The final sentence contains Plaintiffs' characterization of a Federal Register notice that speaks for itself and provides the best evidence of its content.

74.-79.  These paragraphs contain Plaintiffs' characterizations of the Administrative Procedure Act ("APA"), 5 U.S.C. §, 551, et seq., which speaks for itself and is the best evidence

of its contents. To the extent these paragraphs contain Plaintiffs' legal conclusions, no response is required, and denied on that basis.

80.     The first through fifth sentences in this paragraph characterize a Federal Register notice that speaks for itself and provides the best evidence of its content. To the extent these sentences contain Plaintiffs' legal conclusions, no response is required, and denied on that basis. Intervenors deny the final sentence.

81.     Intervenors admit that most of the world's polar bear population inhabits Canada, but Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining averments in the paragraph.

82.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content.

83.     As to the first and second sentences, Intervenors admit that FWS's listing rule is based on projections of population status, not on current population numbers.  Intervenors lack information or knowledge sufficient to form a belief as to the truth of the third sentence.

84.     Intervenors deny that listing the polar bear will not reduce the number of polar bears taken in Canada, but Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining averments in the paragraph.

85.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining averments in the paragraph.

86.     Intervenors deny the first sentence.  The second and third sentences in this paragraph characterize a Federal Register notice that speaks for itself and provides the best evidence of its content.

87.     The first, second, and third sentences characterize several Federal Register notices that speak for themselves and provide the best evidence of their content. To the extent the sentences contain Plaintiffs' legal conclusions, no response is required, and denied on that basis. The final sentence contains legal conclusions as to which no response is required, and is denied on that basis.

88.     The first and second sentences characterize a Federal Register notice that speaks for itself and provides the best evidence of its content. Intervenors lack information or knowledge sufficient to form a belief as to the truth of the averments in the third, fourth, and fifth sentences.

89.     This paragraph contains legal conclusions as to which no response is required, and is denied on that basis.

90.     The first sentence characterizes a Federal Register notices that speaks for itself and provides the best evidence of its content. Intervenors lack information or knowledge sufficient to form a belief as to the truth of the second sentence.

91.     The first sentence characterizes a Federal Register notices that speaks for itself and provides the best evidence of its content. Intervenors lack information or knowledge sufficient to form a belief as to the truth of the second and third sentences. The fourth sentence characterizes a Federal Register notices that speaks for itself and provides the best evidence of its content.

92.     Denied.

93.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content.

94.     As to the first sentence, Intervenors admit that some polar bear populations remain on land during the summer months awaiting the formation of new ice, but lack information or knowledge sufficient to form a belief as to the truth of the remaining averments in that sentence. Intervenors deny the second sentence.

95.     The first sentence characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content. As to the second sentence, Intervenors admit that the projected loss of sea ice is uncertain from year to year, but deny that sea ice loss is uncertain in the future generally.

96.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content.

97.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content, but Intervenors admit that the FWS projects a loss of 10 to 22 percent of sea ice carrying capacity range-wide over 45 years, and a loss of 22 to 32 percent sea ice carrying capacity range-wide over 75 years.

98.     Intervenors admit this paragraph, but deny that polar bears will be able to adapt to projected impacts of global climate change.

99.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of the first sentence of this paragraph. To the extent this paragraph contains Plaintiffs' legal conclusions no response is required, and denied on that basis.

100-101. These paragraphs characterize a Federal Register notice that speaks for itself and provides the best evidence of its content, but Intervenors deny that Canada is managing the polar bear in a sound, sustainable manner.

102.     This paragraph contains legal conclusions as to which no response is required, and is denied on that basis.

103.     This paragraph characterizes several Federal Register notices that speak for themselves and provide the best evidence of their content, but Intervenors deny that killing polar bears or importing polar bear trophies furthers the conservation of the species. To the extent this paragraph contains Plaintiffs' legal conclusions no response is required, and denied on that basis.

104.     This paragraph quotes a Federal Register notice that speaks for itself and provides the best evidence of its content.

105.     The first and second sentences quote a Federal Register notice that speaks for itself and provides the best evidence of its content. As to the third sentence, Intervenors deny that male bears are "biologically surplus" and also deny that killing polar bears or importing polar bear trophies furthers the conservation of the species.

106.     Intervenors admit that Canadian harvest is based on an annual quota system, but deny that polar bear mortality and Canadian conservation efforts on behalf of polar bears will be unaffected by the listing or the ban on polar bear imports into the United States. Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining averments in this paragraph.

107.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph.

108.     The first and second sentences quote a Federal Register notice that speaks for itself and provides the best evidence of its content. Intervenors lack information or knowledge sufficient to form a belief as to the truth of the third sentence.

109.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content. The remaining averments in this paragraph contain Plaintiffs' legal conclusions to which no response is required, and denied on that basis.

110.     This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content. To the extent this paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

111.     Denied.

112-114. Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph.

115.     Denied.

116.     Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph.

117.     Denied.

118.     Denied.

119.     Denied.

120.     Intervenors reallege and incorporate their responses to all the averments of the Complaint.

121.     This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

122.     This paragraph contains Plaintiffs' characterization of the ESA and the ESA's legislative history, which speaks for themselves and are the best evidence of their contents. To the extent this paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

123-125. These paragraphs contain legal conclusions to which no response is required, and denied on that basis.

126.    The first sentence in this paragraph contains legal conclusions to which no response is required, and is denied on that basis. As to the second sentence, Intervenors admit that the United States shares one polar bear population with Russia and one population with Canada, and that the United States has no direct jurisdiction in those sovereign nations.

127.    Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph. To the extent this paragraph contains Plaintiffs' legal conclusions no response is required, and denied on that basis.

128.-129. These paragraphs contain legal conclusions to which no response is required, and are denied on that basis.

130.    Denied.

131.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

132.    Denied.

133.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

134.    Intervenors reallege and incorporate their responses to all the averments of the Complaint.

135.-142. These paragraphs contain legal conclusions to which no response is required, and are denied on that basis.

143.    Intervenors reallege and incorporate their responses to all the averments of the Complaint.

144.-146.  These paragraphs contain legal conclusions to which no response is required, and are denied on that basis.

147.    Denied.

148.    This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content.

149.    Intervenors lack information or knowledge sufficient to form a belief as to the truth of this paragraph.

150.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

151.    This paragraph characterizes a Federal Register notice that speaks for itself and provides the best evidence of its content. To the extent this paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

152.    The first and second sentences characterize a Federal Register notice that speaks for itself and provides the best evidence of its content. The third sentence contains legal conclusions to which no response is required, and is denied on that basis.

153.-155.  These paragraphs contain legal conclusions to which no response is required, and are denied on that basis.

156.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis, but Intervenors admit that FWS listed the entire polar bear population.

157.-158. This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

159.    As to the first sentence, Intervenors admit there is both a Northern Beaufort Sea and Southern Beaufort Sea population of polar bears. As to the second sentence, Intervenors

admit the Northern Beaufort Sea population is believed to be stable currently, but Intervenors

lack information or knowledge sufficient to form a belief as to the truth of the remaining

averments in this paragraph.

160.    As to the first sentence, Intervenors admit the Viscount Melville Sound has a

current low polar bear density compared to other regions, but Intervenors lack information or

knowledge sufficient to form a belief as to the truth of the remaining averments in this sentence.

Intervenors deny the second sentence. As to the third sentence, Intervenors admit the Viscount

Melville Sound population is believed to be increasing, but the status is also "designated as

severely reduced from prior excessive harvest," and Intervenors deny the population is likely to

benefit from a warming climate.

161.    Intervenors lack information or knowledge sufficient to form a belief as to the

truth of the first sentence.  Intervenors deny the second sentence.

162.    Intervenors admit that the Lancaster Sound population is larger than other polar

bear populations, but Intervenors lack information or knowledge sufficient to form a belief as to

the truth of the remaining averments in this paragraph.

163.    Intervenors admit that the Gulf of Boothia population is larger than other polar

bear populations, but Intervenors lack information or knowledge sufficient to form a belief as to

the truth of the remaining averments in this paragraph.

164.-165. These paragraphs contain legal conclusions to which no response is required,

and are denied on that basis.

166.    Intervenors reallege and incorporate their responses to all the averments of the

Complaint.

15

167.-174. These paragraphs contain legal conclusions to which no response is required, and are denied on that basis.

175.    Denied.

176.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

177-179.      Denied.

180.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

181.    The first sentence contains Plaintiffs' characterization of the ESA's legislative history, which speaks for itself and is the best evidence of its contents. To the extent this sentence contains Plaintiffs' legal conclusions, no response is required, and denied on that basis. The second sentence contains legal conclusions to which no response is required, and denied on that basis, but Intevenors deny that listing the species harmed the polar bear.

182.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

183.    Denied that it is impossible to quantify the future status of the polar bear sufficiently to determine whether it must be protected under the ESA, but admitted that population projections generally become less definitive as they extend further into the future.

184.    As to the first sentence, Intervenors admit that, generally, projections far into the future become less certain.  The remaining averments in this paragraph contain legal conclusions to which no response is required, and are denied on that basis.

185.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

186.    The first sentence contains legal conclusions to which no response is required, and is denied on that basis. The second sentence quotes a Federal Register notices that speaks for itself and provides the best evidence of its content.

187.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

188.    Intervenors reallege and incorporate their responses to all the averments of the Complaint.

189.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

190.    Denied.

191.-200.  These paragraphs contain legal conclusions to which no response is required, and are denied on that basis.

201.    Denied.

202.    Denied.

203.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

204.    This paragraph contains Plaintiffs' characterization of a Federal Register notice that speaks for itself and is the best evidence of its contents. To the extent this paragraph contains Plaintiffs' legal conclusions, no response is required, and denied on that basis.

205.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

206.    The first and second sentences contain legal conclusions to which no response is required, and are denied on that basis. Intervenors deny the third sentence.

207.    Denied.

208.    This paragraph contains legal conclusions to which no response is required, and is denied on that basis.

209.    Intervenors reallege and incorporate their responses to all the averments of the Complaint.

210.-238.  These paragraphs contain legal conclusions to which no response is required, and are denied on that basis.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state claims upon which relief may be granted.

2.    The Complaint fails to challenge a final agency action under the APA.

## REQUEST FOR RELIEF

WHEREFORE, Intervenor-Defendants respectfully request that the Court grant the following relief:

A. Enter Judgment in favor of Defendants and Intervenor-Defendants;

B. Dismiss Plaintiffs' claims;

C. Award Intervenor-Defendants' their costs and attorneys' fees; and

D. Order such other relief that is just and proper.

Respectfully Submitted,

 /s/  *Howard M. Crystal*
Howard M. Crystal (D.C. Bar No. 446189)

 /s/ *Eric R. Glitzenstein*
Eric R. Glitzenstein (D.C. Bar No. 358287)
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C. 20009
(202) 588-5206
March 20, 2009                        Attorneys for Proposed Intervenor-Defendants

18