IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| )<br>IN RE POLAR BEAR ENDANGERED )<br>SPECIES ACT LISTING AND § 4(d) )<br>RULE LITIGATION )<br>_____) <br>)<br>**This Document Relates To:** )<br>*SAFARI CLUB INTERNATIONAL,* )<br>*ET AL. V. SALAZAR,* **08-881, 08-1551** )<br>_____) | Misc. Action No. 08-0764 (EGS)<br>MDL DOCKET NO. 1993 |

**MOTION REGARDING SCOPE OF THE ADMINISTRATIVE
RECORD FOR THE IMPORT CASE AND LISTING CASE
BY PLAINTIFFS SAFARI CLUB INTERATIONAL AND
SAFARI CLUB INTERNATIONAL FOUNDATION
AND MEMORANDUM IN SUPPORT**

**MOTION**

Plaintiffs Safari Club International and Safari Club International Foundation ("SCI and SCIF") move for an order directing the Federal Defendants to (1) properly designate the scope of the administrative record ("AR") for the Import Ban case (08-881), and (2) remove from the administrative record a legal memorandum that post-dates the listing of the polar bear on May 15, 2008. In accordance with L.Cv.R 7(m), Counsel for SCI and SCIF contacted counsel for Federal Defendants regarding SCI and SCIF's objections to the administrative record. The parties discussed these issues in a good faith effort to resolve them. The Federal Defendants amended the AR in part but the parties were unable to resolve all their differences. The memorandum in support below addresses the unresolved issues.

1

**MEMORANDUM IN SUPPORT**

      **A.     The Scope of the AR for the Import Ban Case (08-881) is Overinclusive.**

The AR for the Import Ban case should be only those documents that the Federal Defendants directly or indirectly considered in making the legal determination -- in conjunction with the listing decision – challenged here. That determination was that with the listing of the polar bear as a threatened species under the ESA, the Marine Mammal Protection Act ("MMPA") would ban the import of sport-hunted polar bear parts from approved populations in Canada previously available under Section 104(c)(5) of the MMPA, 16 U.S.C. § 1374(c)(5). *See* SCI Complaint in 08-881, ¶¶ 1, 2, 7, 8, 9, 12, 45-50, 51-59, 60-67, and 68-75, Dkt. 1. In the Import Ban case, SCI and SCIF are not challenging the entire listing rule. Instead, they are challenging the discrete legal determination banning polar bear imports that were available prior to the listing. Only documents relevant to that determination should be in the AR.

The Federal Defendants have certified that the AR for the Import ban case is the same as for challenges to the Listing Rule itself (*e.g.,* 08-1551). In other words, the Federal Defendants' position indicates that in making the import ban legal determination, the Federal Defendants considered all 140,000 pages of the Listing cases AR. In contrast, the AR for each of the challenges brought by the two individuals whose polar bear import applications were denied total about 75 pages of documents through May 15, 2008. These ARs contain many of the documents that should make up the Import Ban case AR.

The Import Ban case AR should contain "those material 'that were compiled by the agency that were before the agency at the time the decision was made.'" *Maritel, Inc. v. Collins,* 422 F. Supp. 2d 188, 196 (D.D.C. 2006), *quoting James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1095 (D.C. Cir. 1996). "More specifically, the record must include all documents and materials

that the agency 'directly or indirectly considered.'" *Id., quoting Bar MK Ranches v. Yuetter,* 994 F.2d 725, 739 (10th Cir. 1993). Finally, and most pertinent to this point, "[t]o ensure fair review of an agency action, therefore, the court 'should have before it neither more nor less information than did the agency when it made its decision.'" *Id., quoting IMS, P.C. v. Alvarez,* 129 F.3d 618, 623 (D.C. Cir. 1997).

The Listing Rule AR contains numerous documents that have nothing to do with the legal determination concerning the import ban. For example, the Listing AR contains extensive scientific materials (*e.g.,* on climate change and bear biology) that would be logical for the FWS to consider for listing purposes, but these documents have nothing to do with the legal interplay between an ESA listing and the MMPA import provisions. The Import Ban Determination arose because the polar bear was listed, regardless of the reasons the polar bear was listed. Any documents that do not relate to the legal determination to ban imports based on the listing are not properly a part of the AR of the Import Ban case.

Thus, SCI objects to the Federal Defendants' determination that the AR for the Import case is the same as for the Listing Rule case. Instead, the Federal Defendants should identify those documents "directly or indirectly considered" by the Federal Defendants in making their legal determination that with the listing of the polar bear, previously authorized imports are no longer authorized. In lieu of the FWS actually compiling those documents in a separate AR (*i.e.,* a separate compact disc or hard drive), SCI would agree to the Federal Defendants identifying the documents within the Listing AR that comprise the Import AR.[1]

---

[1] If any party subsequently determines additional documents should be part of the AR for the import case, the Scheduling Order of February 26, 2009, permits a motion to supplement the Import Ban case AR prior to summary judgment briefing. Once the Federal Defendants designate the proper AR for the Import Ban case, SCI and SCIF will be able to better ascertain the need to supplement that AR.

### B. The May 23, 2008 Solicitor's Memorandum on Importing Polar Bears Post-dates the Decision Challenged Here and is Not Properly Part of the AR

The Federal Defendants have improperly included a document that post-dates the legal determination that the listing of the polar bear creates a ban on imports from Canada, as reflected in the Final Rule published on May 15, 2008.  The Federal Defendants do not appear to contend that they considered the *final* Solicitor's Memorandum on imports of polar bears, dated May 23, 2008, or that it was before them when they made the legal determination about imports.[2]  The Privilege Log contains numerous copies of what appear to be earlier drafts of the same document, going back to December 2007 and as recent as May 2008.[3]  SCI and SCIF agree that these draft documents are properly a part of the AR and presumably were considered by the Federal Defendants.  But the May 23, 2008 Memorandum cannot be a part of the AR because it was not in existence in its final form on May 15, 2008, the date the agency published the decisions under challenge here.[4]

Although the Federal Defendants appear to agree that the May 23, 2008 memorandum should not have been included in the AR – as confirmed by the caselaw cited above -- they still want to include it in the AR because they believe it would be "appropriate" for this Court to

---

[2] The full title of this document is "Legal Implications Affecting the Importation of Sport-hunted Polar Bears from Canada Resulting from the Listing of the Polar Bear as a Threatened Species under the Endangered Species Act," to Director, U.S. Fish and Wildlife Service, from Solicitor David Longly Bernhardt, M-37015, ARL117714, publicly available at http://www.doi.gov/solicitor/opinions/M-37015.pdf.

[3] The Privilege Log contains entries for this memorandum from the following dates:  12/00/07, 1/00/08, 1/11/08, 4/00/08, 5/1/08, and 5/2/08 (possibly a different memorandum).

[4] SCI and SCIF have raised with Federal Defendants the fact that other documents in the AR appear to post-date May 14, 2008 (the date the Final Rule was transmitted to the Federal Register for publication on May 15, 2008), but that SCI and SCIF would not object to these documents as they appear to not be relevant to their claims in either case.  SCI and SCIF is not conceding that these other documents are properly a part of the AR.  The Federal Defendant removed one document that SCI objected to and amended the date on three other documents questioned by SCI and SCIF.

consider it.  The Court should have before it the memorandum and other documents that the Federal Defendants considered in making its final legal determination about imports.  But a document that is not yet in existence (such as the final memorandum) is not properly a part of the AR.  Instead, the record indicates that the Federal Defendants considered a draft of the memorandum (possibly the one dated 5/00/08 in the Privilege Log).  That document should be available to the Court and to the parties.

If the latest draft of the memo and the final memo do not differ, then the Federal Defendants have waived any privilege by releasing the final.  Arguably they have waived any privilege attaching to all the drafts by releasing the final, even if they differ in some minor fashion.  If the latest draft and the final of the document differ in some material fashion, then the argument that the final memorandum is not properly a part of the AR is strengthened.  Therefore, if the Federal Defendants will not make the draft or drafts they actually considered available, and the Court does not deem the privilege waived, then SCI and SCIF request that the Court review the 5/00/08 draft memorandum (or whatever is the latest draft) *in camera* to determine its relevance and to ascertain that the Federal Defendants had before them, before making a final decision, a legal memorandum that addressed the question of whether imports of polar bear trophies previously allowed would be banned with the listing of the polar bear under the ESA.

**CONCLUSION**

SCI and SCIF request an order directing the Federal Defendants to properly designate the AR for the Import Ban case as including only those documents considered by the Federal Defendants in making their legal determination banning imports.  SCI and SCIF have offered to accept a list of documents from the current AR so that the Federal Defendants do not have to produce a whole new physical compilation of the relevant documents.  In addition, the Court

should strike the May 23, 2008 legal memorandum on import from the AR as this document post-dates the import ban decision. The Federal Defendants could not have considered this document as part of its decision.

Dated this 14th day of May, 2009

                                      Respectfully submitted,

                                      /s/ Douglas S. Burdin
                                      Douglas S. Burdin (DC Bar No. 434107)
                                      Anna M. Seidman (DC Bar No. 417091)
                                      Safari Club International
                                      501 2nd Street NE
                                      Washington, DC 20002
                                      Tel.:   (202) 543-8733
                                      Fax:   (202) 543-1205
                                      dburdin@safariclub.org
                                      aseidman@safariclub.org

                                      *Counsel for Plaintiffs,*
                                      *Safari Club International and*
                                      *Safari Club International Foundation*