**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION | )<br>)<br>)<br>)<br>) Misc. Action No. 08-764 (EGS)<br>) MDL Docket No. 1993<br>)<br>) |
| This Document Relates To:<br>CONSERVATION FORCE et al. v.<br>KEMPTHORNE et al., No. 09-245 (EGS) | )<br>)<br>)<br>)<br>) |

**PLAINTIFFS CONSERVATION FORCE ET AL.'S MOTION TO**
**COMPEL SUPPLEMENTATION OF ADMINISTRATIVE RECORD AND**
**MEMORANDUM IN SUPPORT THEREOF**

Plaintiffs Conservation Force et al. hereby move for supplementation of the administrative record in this case. As explained below, this motion is necessary because the administrative record does not include defendants' communications with the Canadian and Nunuvat authorities over whether or not Canada was to list its own bear under the Committee on the Status of Endangered Wildlife in Canada (COSEWIC) *Assessment and Update Status Report on the Polar Bear Ursus maritimus in Canada*, 2008, (cover page attached) and the Species at Risk Act (SARA), Canada's laws and regulations for protection of species.

**MEMORANDUM AND POINTS OF AUTHORITY SUPPPORTING**
**PLAINTIFF CONSERVATION FORCE'S**
**MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

Plaintiff Conservation Force alleges that defendants' omission of critical information from the administrative record violates those provisions of the Administrative Procedures Act (APA) setting forth the scope of judicial review.  The

APA calls for the court to ". . . review the whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706.  Judicial review is to be based on the full administrative record before the agency when it made its decision. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 825.

In defining what comprises the "administrative record," the Court in *Thompson v. U.S. Department of Labor* wrote:

> The whole administrative record, however, "is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record." *Exxon Corp. v. Department of Energy*, 91 F.R.D. 26, 32 (N.D.Tex.1981). "The 'whole' administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* at 33; see also *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir.1988), corrected, 867 F.2d 1244 (1989); *National Wildlife Federation v. Burford*, 677 F.Supp. 1445, 1457 (D.Mont.1985).  *See Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989)

The Court in *National Wildlife v. Burford* reasoned similarly in stating that an agency may not submit a record to the court that contains only documents that might be favorable to the agency's decision and which omits documents that it had, but that are contrary to its decisions and may bear upon the decision of the court.  *Nat'l Wildlife Fed'n v. Burford*, 677 F.Supp. 1445, 1457 (D. Mont. 1985).  Furthermore, agencies may not exclude information that clearly came before it on the grounds that it did not rely on such information.  *Fund for Animals v. Williams*, 245 F.Supp.2d 49, 55 (D.D.C. 2003); *Ad hoc Metals Coalition v. Christine Whitman*, 227 F.Supp. 2d 134, 139 (D.D.C. 2002).

Defendants have failed to include in the record the communications and correspondence with Canada over its own consideration under the Committee on the

Status of Endangered Wildlife in Canada (COSEWIC) 2008 Assessment and the Species at Risk Act (SARA), Canada's laws and regulations for protection of species. Canada reviewed the present and foreseeable future status of the bear and found its listing was not warranted and defendants well knew this and knew why it should be part of the record.

In particular, COSEWIC's 2008 *Assessment and Update Status Report on the Polar Bear Ursus maritimus in Canada* applies a 12-year generation time rather than the 15-year period used by the U.S. Fish & Wildlife Service (FWS) and the IUCN/SSC Polar Bear Specialist Group. Agencies such as COSEWIC, FWS, and the Polar Bear Specialist Group evaluate risks to the polar bear species over three generations. A shorter generation time, therefore, shortens the future assessment period over which an agency evaluates the status of the species. A 12-year generation time yields a 36-year assessment into the future while a 15-year generation time yields 45-year assessment of future risks. The assessment period affects the outcome of species status evaluations by prescribing the length of time over which an agency must consider the risks facing polar bear populations. Simply put, a longer assessment period requires the evaluating agency to factor the additional risks encountered over the additional years into its status assessment of the polar bear species.

Plaintiffs have sought the amicable resolution of these omissions from the record through a series of email communications; however, to date, defendants have neither produced the documents to plaintiffs nor supplemented the administrative record with the COSEWIC's 2008 *Assessment and Update Status Report on the Polar Bear Ursus maritimus in Canada* and related materials.

For the foregoing reasons, plaintiffs respectfully request that this Court order defendants to supplement the administrative record in an expedited fashion with any and all communications among the FWS, the USGS, the International Union for the Conservation of Nature and Natural Resources/Species Survival Commission (IUCN/SSC) Polar Bear Specialist Group, members of the COSEWIC, and members of the Nunuvat authority over the polar bear's status under SARA or the COSEWIC's 2008 report entitled *Assessment and Update Status Report on the Polar Bear Ursus maritimus in Canada* itself.

DATED this 14th day of May, 2009.

Respectfully Submitted,

s/John J. Jackson, III
John J. Jackson, III (DCB # 432019)
ATTORNEY FOR PLAINTIFFS
CONSERVATION FORCE ET AL.

# COSEWIC
# Assessment and Update Status Report

on the

# Polar Bear
## *Ursus maritimus*

in Canada



SPECIAL CONCERN
2008

**COSEWIC**
Committee on the Status
of Endangered Wildlife
in Canada



**COSEPAC**
Comité sur la situation
des espèces en péril
au Canada