IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION | ) ) ) ) ) | 
| This Document Relates To: California Cattlemen's Ass'n, et al. v. Salazar, et al., No. 1:08-cv-1689; Center for Biological Diversity, et al., v. Salazar, et al., No. 1:08-cv-2113; Conservation Force, et al. v. Salazar, et al., No. 1:09-cv-245; Safari Club Int'l, et al. v. Salazar, et al., No. 1:08-cv-1550; State of Alaska v. Salazar, et al., No. 1:08-cv-1352. | Misc. Action No. 08-764 (EGS) MDL Docket No. 1993 ) ) ) ) ) ) ) ) ) ) ) |

**FEDERAL DEFENDANTS' SUPPLEMENTAL MEMORANDUM**

On August 10, 2010, the Court requested supplemental memoranda from the parties regarding whether a recent decision involving the gray wolf (Defenders of Wildlife et al. v. Salazar et al., Nos. 09-77 and 09-82, 2010 WL 3084194 (D. Mont. Aug. 5, 2010)) applies to the issues presented in this case. In that decision, the U.S. District Court for the District of Montana set aside the final rule of the U.S. Fish and Wildlife Service ("Service") that retained the protections of the Endangered Species Act ("ESA") for a portion of a "distinct population segment" ("DPS") of the gray wolf, while removing those protections for the remainder of the DPS. Final Rule To Identify the Northern Rocky Mountain Population of Gray Wolf as a

Distinct Population Segment and To Revise the List of Endangered and Threatened Wildlife, 74 Fed. Reg. 15,123 (Apr. 2, 2009) ("Gray Wolf Rule"). As explained below, the <u>Defenders</u> decision does not apply to this case because here, the Service found the polar bear was threatened range-wide and listed the species range-wide. Unlike in <u>Defenders</u>, the Service did not find that a DPS existed for the polar bear, nor did the Service extend the protections of the ESA to only a portion of a species, subspecies, or DPS.

More specifically, in <u>Defenders</u>, the Service identified a DPS of the gray wolf – the Northern Rocky Mountain DPS – and interpreted the statute to allow retaining ESA protection only for a <u>portion</u> of that DPS. The ESA defines "species" (<u>i.e,</u> listable entities) to include not only species, but also subspecies and DPSs (<u>i.e.</u>, "any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature.") 16 U.S.C. §1532(16). The ESA further defines "endangered species" as "any species [<u>i.e.</u>, species, subspecies or DPS] which is in danger of extinction throughout all <u>or a significant portion of its range</u>." <u>Id.</u> § 1532(6) (emphasis added). The ESA likewise defines "threatened species" as "any species which is likely to become an endangered species within the foreseeable future throughout all <u>or a significant portion of its range</u>." <u>Id.</u> § 1532(20) (emphasis added).[1] In the Gray Wolf Rule, the Service interpreted the statutory phrase "endangered species" and, in particular, the phrase "significant portion of its range," to afford the Service discretion to apply the ESA's protections to only a portion of the Northern Rocky Mountain DPS – <u>i.e.</u>, the significant portion of the range

---

[1] In <u>Defenders of Wildlife v. Norton</u>, 258 F.3d 1136, 1141 (9th Cir. 2001), the Ninth Circuit stated that "the phrase 'extinc[t] throughout . . . a significant portion of its range'" is "inherently ambiguous."

("SPR") of the DPS in Wyoming. The Service did so based on its finding that the wolf remained endangered in that state. The Service removed ESA protections for the wolf in the remainder of the DPS, based on its conclusion that the wolf was not threatened or endangered there. Using the Service's acronyms, the Service retained the protections of the ESA only for an SPR of a DPS.

The Montana district court found that so limiting the ESA's protections to a portion of a DPS was contrary to the plain language of the statute. <u>Defenders</u>, 2010 WL 3084194 at *8-13. The court held that the ESA does not allow the Service "to list only part of a 'species' as endangered, or to protect a listed distinct population segment only in part," because "the phrase 'significant portion of its range' does not qualify <u>where</u> a species [or subspecies or DPS] is endangered, but rather it qualifies <u>when</u> it is endangered." <u>Id.</u> at *10 (emphasis in original). Based on this statutory interpretation, the court found that, if the gray wolf is threatened within an SPR of the Northern Rocky Mountain DPS (<u>i.e.</u>, in Wyoming), then the Service was required to list and extend the ESA's protections to the entire DPS. <u>Id.</u> at *3 ("The plain language of the ESA does not allow the agency to divide a DPS into a smaller taxonomy.")

By contrast, in the final rule listing the polar bear, the Service did not find any polar bear DPSs, much less divide any DPS into a smaller taxonomy. 73 Fed. Reg. 28,212, 28,294 (May 15, 2008) (hereinafter the "Final Rule") (ARL117298). Nor did the Service extend the ESA's protections to only a portion of the polar bear's range. While the Service did analyze whether the polar bear was not threatened, or alternatively endangered, in any SPR, the Service determined that the species was threatened throughout its range and did not provide differing protections for any SPR of the species. <u>Id.</u> at 28,276, 28,294-97 (ARL117280, 117298-301). Thus, the <u>Defenders</u> decision does not apply to the polar bear listing rule.

The Defenders decision, however, may have a bearing as persuasive authority on several arguments made by both groups of Plaintiffs in this case. Plaintiffs Safari Club International and Safari Club International Foundation ("SCI") argue that the Service should not have listed the polar bear as threatened in certain SPRs. SCI's Mem. at 5-8 ("polar bears in at least some significant portions of its range will not be in danger of extinction").[2] CF joins SCI's SPR argument. CF's Mem. at 14. Plaintiffs CBD also appear to argue that the Service erred in not listing the polar bear as endangered in at least an SPR. CBD's Reply Mem. at 13-18 (arguing with respect to "five portions of the polar bear's range" that the Service wrongfully "reject[ed] endangered status for these subsets of the polar bear species") (citing CBD's Mem. at 27-30).[3] If the Montana district court is correct in holding that, as a matter of law, the statutory phrase "significant portion of its range" cannot allow the Service to apply ESA protections only to an SPR, that holding arguably would apply regardless of whether the area under consideration is an SPR of a DPS or an SPR of a species or subspecies. Thus, the Defenders decision is at odds with Plaintiffs' respective arguments that the Service should have afforded no ESA protection or a higher level of protection to SPRs of the polar bear.

---

[2] This brief refers to SCI's initial brief (Dckt. No. 123) as "SCI's Mem."; the initial brief of Conservation Force ("CF") (Dckt. No. 126) as "CF's Mem."; the initial brief of Plaintiffs Center for Biological Diversity, Natural Resources Defense Council, and Greenpeace (collectively "CBD") (Dckt. No. 125) as "CBD's Mem."; and CBD's reply brief (Dckt. No. 172) as "CBD's Reply Mem."

[3] See also CBD's Reply Mem. at 33 (arguing the Service erred in "failing to list the polar bear as endangered in all or parts of its range") (emphasis added).

The United States currently is reviewing the Defenders decision and weighing a potential appeal. In any event, this Court can uphold the Service's listing decision for the polar bear without reaching the issue of whether the Montana court's interpretation of the statute is correct.[5] Under the standard of review, the Court is to determine if the decision made by the agency can be upheld given the stated bases for the decision. San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287, 1325 (D.C. Cir. 1984) ("principle that judges review administrative action on the basis of the agency's stated rationale and findings . . . is well-established.") (emphasis in original), aff'd in relevant part en banc, 789 F.2d 26, 44-45 (D.C. Cir. 1986). In this case, the Service determined that the polar bear is threatened range-wide and therefore, applied the ESA's protections to the entire range of the polar bear. That determination is under review, not application of the statutory interpretation reviewed by the Defenders court. Furthermore, as the Service has demonstrated, the range-wide threatened listing is rational and supported by the best available scientific information. If the Court finds that the Service's determination that the polar bear is threatened range-wide is rational, it need not consider whether some other entity such as an SPR could have been listed.[6]

---

[5] Furthermore, while the Court may find the Defenders decision instructive in this case, it is not binding on this Court.

[6] Indeed, even if this Court were to find that the decision cannot stand under the deferential standards governing review, the proper recourse would not be to preemptively review other options for protecting a species that were not applied or adopted by the Service here, but rather to remand the decision for further consideration. Federal Power Comm'n v. Idaho Power Co., 344 U.S. 17, 20 (1952) (once a court identifies an error of law, the "matter once more goes to the [agency] for reconsideration").

Dated: August 24, 2010

                                     Respectfully submitted,

                                     IGNACIA S. MORENO
                                     Assistant Attorney General
                                     Environment & Natural Resources Division

                                     KRISTEN L. GUSTAFSON, Asst. Section Chief

                                     /s/ Clifford E. Stevens, Jr.
                                     CLIFFORD E. STEVENS, JR.
                                     Trial Attorney (SBN 463906 (DC))
                                     U.S. Department of Justice
                                     Environment & Natural Resources Division
                                     Wildlife & Marine Resources Section
                                     Ben Franklin Station, P.O. Box 7369
                                     Washington, D.C. 20044-7369
                                     Telephone: (202) 353-7548
                                     Facsimile: (202) 305-0275
                                     Email: clifford.stevens@usdoj.gov

                                     /s/ Robert P. Williams
                                     ROBERT P. WILLIAMS
                                     Trial Attorney (SBN 474730 (DC))
                                     U.S. Department of Justice
                                     Environment & Natural Resources Division
                                     Wildlife & Marine Resources Section
                                     Ben Franklin Station, P.O. Box 7369
                                     Washington, D.C. 20044-7369
                                     Telephone: (202) 305-0210
                                     Facsimile: (202) 305-0275
                                     Email: robert.p.williams@usdoj.gov

                                     ***Attorneys for Federal Defendants***