IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION </br></br> This Document Relates To: </br></br> <u>California Cattlemen's Ass'n, et al. v. Salazar, et al.</u>, No. 1:08-cv-1689; </br> <u>Center for Biological Diversity, et al., v. Salazar, et al.</u>, No. 1:08-cv-2113; </br> <u>Conservation Force, et al. v. Salazar, et al.</u>, No. 1:09-cv-245; </br> <u>Safari Club Int'l, et al. v. Salazar, et al.</u>, No. 1:08-cv-1550; </br> <u>State of Alaska v. Salazar</u>, et al., No. 1:08-cv-1352. | Misc. Action No. 08-764 (EGS) </br> MDL Docket No. 1993 |

**JOINT RECOMMENDATION REGARDING**
**OCTOBER 20, 2010 HEARING ON LISTING RULE CLAIMS**

Pursuant to the Court's Order of September 21, 2010 (Dckt. No. 220), the parties have conferred regarding the upcoming hearing and respectfully submit this joint recommendation.

I.      **Names of Counsel Who Will Appear and the Parties they Represent**

   A.   **Joint Plaintiffs (collectively referring to the State of Alaska, Safari Club International, et al. ("SCI"), Conservation Force, Inuvialuit Game Council, et al. ("CF"), California Cattlemen's Association, et al. ("CCA"), and Congress of Racial Equality ("CORE"))**

   1.   Murray Feldman for Plaintiff State of Alaska. Consistent with the Court's direction in its September 21, 2010 Order (Dckt. No. 220), the Joint Plaintiffs propose that the State of Alaska will be the representative party to argue all claims and issues briefed jointly by the Joint Plaintiffs, with the exception of the three specific issues identified below. These specific issues were principally prepared by another of the Joint Plaintiffs and briefed further in that specific Joint Plaintiff's separate briefing, and thus Joint Plaintiffs, with the Court's permission, believe that those specific issues could be more efficiently addressed for the Court and all parties if raised in those individual Joint Plaintiffs' additional presentations.

   2.   Douglas Burdin for Plaintiffs/Defendant-Intervenors Safari Club International, et al., and on joint issue of the proper standard for assessing the certainty of future threats to the species.

   3.   John Jackson for Plaintiffs Conservation Force, Inuvialuit Game Council, et al., on joint issue of adequately taking into account foreign nations' programs.

   4.   Reed Hopper for Plaintiffs/Plaintiffs-Intervenors California Cattlemen's Association, et al., and on joint issue of whether existing regulatory mechanisms are adequate for the species protection.

B. **CBD (collectively referring to the Center for Biological Diversity ("CBD"), Natural Resources Defense Council ("NRDC"), and Greenpeace)**

    1. Kassia Seigel for Plaintiff/Defendant-Intervenor CBD on the issue of whether the polar bear should have been listed as "endangered" rather than "threatened" in all or parts of its range.

C. **Federal Defendants (collectively referring to the U.S. Department of the Interior, Ken Salazar, in his official capacity as the United States Secretary of the Interior, U.S. Fish and Wildlife Service, and Rowan Gould, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service)**

    1. Clifford Stevens for Federal Defendants

    2. Robert Williams for Federal Defendants

    3. Meredith Flax for Federal Defendants

D. **Defendant-Intervenors Alaska Oil and Gas Association ("AOGA") and Arctic Slope Regional Corporation ("ASRC"))**

    1. Ryan Steen for Defendant-Intervenor AOGA

    2. Jeff Feldman for Defendant-Intervenor ASRC

E. **Defendant-Intervenors CBD, Defenders of Wildlife ("Defenders"), Humane Society of the United States ("Humane Society"), and International Fund for Animal Welfare ("IFAW")**

    1. Howard Crystal for Defendant-Intervenors CBD, Defenders, Humane Society, and IFAW on the issue of adequately taking into account foreign nations' programs.

    2. Kassia Siegel for Defendant-Intervenors CBD, Defenders, Humane Society, and IFAW on all other issues related to whether the polar bear was properly classified as at least "threatened."

## II. Order and Length of Presentations

With regard to the order of presentations, the parties agree that Federal Defendants should be heard after both Plaintiff groups (Joint Plaintiffs and CBD) have presented, and that Defendant-Intervenors should follow Federal Defendants.  However, Joint Plaintiffs and CBD each would like to be heard first.  Federal Defendants take no position on this issue.  Because Plaintiffs were not able to reach agreement on which group should be heard first, they respectfully request that the Court indicate which Plaintiffs' group the Court wishes to proceed first.  The parties respectfully submit that argument be presented in the following order, and that the four hours for the hearing be allocated as follows:

- A. **Affirmative Argument**
    1. Plaintiffs (either Joint Plaintiffs or CBD) shall have a total of 45 minutes.
    2. Plaintiffs (either Joint Plaintiffs or CBD) shall have a total of 45 minutes.

**Lunch Break**

    3. Federal Defendants shall have a total of 60 minutes.
    4. Defendant-Intervenors AOGA & ASRC shall have a total of 20 minutes.

- B. **Rebuttal**
    1. Plaintiffs (either Joint Plaintiffs or CBD) shall have a total of 10 minutes.
    2. Plaintiffs (either Joint Plaintiffs or CBD) shall have a total of 10 minutes.
    3. Federal Defendants shall have a total of 20 minutes.
    4. Defendant-Intervenors AOGA & ASRC shall have a total of 10 minutes.
    5. Defendant-Intervenor SCI shall have a total of 10 minutes.

      6.      Defendant-Intervenors CBD, Defenders, Humane Society, and IFAW shall have a total of 10 minutes.

Thus, the parties propose that the four hours of argument be divided roughly between Plaintiffs (110 minutes), Federal Defendants (80 minutes) and Defendant-Intervenors (50).

## III.  Other Issues

The Court has requested that the parties provide "any other information necessary or helpful for the conduct of this hearing." Dckt. No. 220 at 2. Given the large number of parties involved in this litigation and the numerous issues raised, as well as the need for all to efficiently utilize the limited argument time available, the parties respectfully submit that it would facilitate the efficient presentation of argument at the hearing if the Court wished to identify in advance specific areas of argument or issues that the Court would like the parties to address and focus on in their respective presentations, or, conversely, if there are any specific areas of argument or issues that the Court would prefer the parties not address.

Dated: October 1, 2010

                        Respectfully submitted,

                        IGNACIA S. MORENO
                        Assistant Attorney General
                        Environment & Natural Resources Division

                        /s/ *Robert P. Williams*
                        ROBERT P. WILLIAMS
                        Trial Attorney (SBN 474730 (DC))
                        CLIFFORD E. STEVENS, JR.
                        Trial Attorney (SBN 463906 (DC))
                        MEREDITH L. FLAX
                        Sr. Trial Attorney (SBN 468016 (DC))
                        U.S. Department of Justice
                        Environment & Natural Resources Division
                        Wildlife & Marine Resources Section

        Ben Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0210
        Facsimile: (202) 305-0275

***Attorneys for Federal Defendants***