## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION | Misc. Action No. 08-0764 (EGS) MDL Docket No. 1993 |
| This Document Relates To: | |
| ALL CASES | |

## SUPPLEMENTAL BRIEF OF CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, GREENPEACE, INC., HUMANE SOCIETY OF THE UNITED STATES, DEFENDERS OF WILDLIFE, AND INTERNATIONAL FUND FOR ANIMAL WELFARE RE THE IMPLICATIONS OF A REMAND OF THE LISTING RULE

The Center for Biological Diversity, Natural Resources Defense Council, and Greenpeace, Inc., ("CBD et al."), along with the Humane Society of the United States, Defenders of Wildlife, and International Fund for Animal Welfare ("HSUS et al.") provide the following in response to the Court's October 14, 2010 Order requesting briefing on the question of what impact a remand of the polar bear listing rule for purposes of considering "endangered" status for the species would have on other issues in these consolidated cases. In short, CBD et al. and HSUS et al. believe that if the listing rule is remanded to the U.S. Fish and Wildlife Service for consideration of whether the polar bear should be listed as "endangered" rather than "threatened" over all or parts of its range, all other issues in this case can, and should, be deferred until the completion of the remand, provided that the remand be completed by a date-certain.[1]

## A.    The Impact of a Remand on the Listing Rule Cases

It is well established that a Court need not reach every issue brought by the parties before remanding a challenged rule to an agency. *See, e.g. Defenders of Wildlife v. Norton*, 239 F.Supp.2d 9, 18 n.5 (D.D.C. 2002)("Because the Court concludes that Defendants violated the ESA and APA by determining that collectively, three of the four Lynx populations do not constitute a significant portion of the range of the U.S. DPS, the Court need not address these additional arguments."); *Leather Indus. of Am. v. EPA*, 40 F.3d 392, 401 n.15 (D.C. Cir. 1994) (in challenge to EPA sewage sludge rule, court "do[es] not reach" alternative claim because the court remanded the rule "on other grounds"). In this case, the Court need only find flaw with the listing rule on a single ground (e.g. that the Service's conclusion that the polar bear was not in danger of extinction in all or a significant portion of its range was arbitrary), in order to remand the rule to the Service for further consideration. During such a remand the Service could consider

---

[1] It goes almost without saying that if the Court remands the rule for consideration of "endangered" status for the polar bear, the current "threatened" listing must remain in place during the remand period. *See, e.g. Defenders of Wildlife v. Norton*, 239 F.Supp.2d 9 (D.D.C. 2002) (leaving "threatened" listing in place during remand to the Service for purposes of considering "endangered" listing due to faulty significant portion of range analysis); *cf Endangered Species Comm'n v. Babbitt*, 852 F. Supp. 32, 41-43 (D.D.C. 1994)(maintaining listing rule in place even though court found procedural defect in listing process); *Idaho Farm Bureau Federation v. Babbitt*, 58 F.3d 1392, 1405-1406 (9th Cir. 1995)(same).

any other issues regarding the listing rule raised by either CBD et al. or the Joint Plaintiffs. *Carlton v. Babbitt*, 900 F. Supp. 526, 534 (D.D.C. 1995)("Since the Court is remanding to the agency for further consideration of 'other natural or manmade factors' on other grounds, the Court does not reach the issue of whether the agency's reliance on contiguity with the Canadian ecosystem lacks sufficient basis in the record. The Court assumes that on remand the FWS will give further consideration to this issue."). As such, there is little if any prejudice to any party from deferring resolution of remaining listing rule issues pending such a remand.[2]

**B.      The Impact of a Remand on the 4(d) Rule Cases**

A remand of the listing rule for the purposes of determining whether the polar bear is an "endangered" species would also obviate the need for this Court to hear the 4(d) Rule claims at this time.  Since a 4(d) Rule by definition can *only* apply to a "threatened" species, and *not* an "endangered" species, if following remand the polar bear is listed as "endangered," the existing 4(d) Rule would be rendered a nullity.  Moreover, even if the Service were to list the polar bear as "endangered" in only parts of its range, with the remainder listed as "threatened," the current 4(d) Rule would still be inapplicable, as the rationale for the rule is premised on the bear being listed as a single global entity. Consequently, in the interests of judicial economy, if the Court remands the listing rule to the Service to consider an "endangered" listing, the Court should stay the currently scheduled hearing on the 4(d) Rule until after the completion of that remand.  *Cf Building Indus. Ass'n v. Babbitt*, 161 F.3d 740, 745 (D.C. Cir. 1998) (declining to hear appeal of listing challenge while remand was pending on related critical habitat challenge). However, because the 4(d) Rule substantially lessons the protections the polar bear would receive absent the rule, an open-ended stay in which the 4(d) Rule remains in place would be inappropriate and prejudicial.  As such, the Court should set a date-certain, no longer than six months, for the

---

[2] A ruling by the Court that the polar bear might warrant "endangered" status would seem to necessarily encompass a finding that the bear is at least "threatened" in all or significant portions of its range, and therefore likely constitute at least an implicit rejection of Joint Plaintiffs' substantive claims against listing. As for the purported procedural defects with the listing rule claimed by the Joint Plaintiffs, the Court should defer ruling on these claims as they would either be cured during the remand and/or could be raised again following completion of the remand.

Service to complete the remand of the listing rule.

**C.     The Impact of a Remand on the Import Cases**

A remand would also obviate the need for the Court to resolve the Import Cases at this time. Both the Safari Club International (SCI) plaintiffs and the Atcheson plaintiffs' lawsuits are premised on the polar bear being listed as a "threatened" species under the ESA.  However, these plaintiffs do not dispute that, were the polar bear listed as an "endangered" species, a permit *under the ESA* would *also* be required to import polar bear trophies into the United States.  *See* SCI Pl. Reply at 15 (Dkt. # 159)("if the polar bear was listed as endangered, the ESA itself would prohibit imports, subject to exceptions"); Atcheson Pl. Reply at 26 (Dkt. # 160)(claiming no ESA import permit is required for polar bears while listed as "threatened" pursuant to ESA Section 9(c)(2) (16 U.S.C. § 1538(c)(2)), which applies where a species "'is *not* an endangered species'") (emphasis added); *see also* 16 U.S.C. § 1538(a)(1)("[W]ith respect to any endangered species of fish or wildlife listed pursuant to [the ESA] it is unlawful for any person [to] import any such species into . . . the United States"). Accordingly, if, upon remand, the Service lists the polar bear as "endangered," *both* ESA and MMPA import permits would be necessary to import polar bear trophies into the United States.  Since listing the polar bear as "endangered" would therefore significantly alter the regulatory landscape governing importation of polar bears, the Court should stay further consideration of the Import Cases in the event the Court remands the listing rule for further consideration of an "endangered" listing.

**D.     Conclusion**

If the Court remands the May 15, 2008 final listing rule to the Service to consider whether the species is "endangered" in all or parts of its range the Court need not reach any other issues raised in the Listing Rule, 4(d) Rule, or Import Cases, as all such issues would likely either be rendered moot or superseded by the new legal landscape created by the Service's decision following remand.  However, so as to minimize the potential for prejudice to any party from a stay, the Court should set a date-certain for the Service to complete the remand, with a new final listing rule required to be issued by the Service within six months of the Court's order.

3

DATE: October 18, 2010.                    Respectfully submitted,

                                           _/s/ Brendan Cummings_____
                                           Brendan R. Cummings
                                           Kassia R. Siegel
                                           CENTER FOR BIOLOGICAL DIVERSITY
                                           P.O. Box 549
                                           Joshua Tree, CA 92252
                                           Phone: (760) 366-2232
                                           Facsimile: (760) 366-2669
                                           bcummings@biologicaldiversity.org
                                           ksiegel@biologicaldiversity.org

                                           Benjamin Longstreth
                                           Rebecca J. Riley
                                           Andrew Wetzler
                                           NATURAL RESOURCES DEFENSE COUNCIL
                                           2 N. Riverside Plaza, Suite 2250
                                           Chicago, IL  60606
                                           Telephone: 312-651-7913
                                           Facsimile: 312-234-9633
                                           rriley@nrdc.org
                                           awetzler@nrdc.org

                                           *Attorneys for CBD et al.*

                                           _/s/ Howard M. Crystal_____
                                           Howard M. Crystal (DC Bar No. 446189)
                                           MEYER GLITZENSTEIN & CRYSTAL
                                           1601 Connecticut Ave., NW Suite 700
                                           Washington, DC  20009
                                           Telephone: 202-588-5206
                                           Facsimile: 202-588-5049
                                           hcrystal@meyerglitz.com

                                           *Attorney for HSUS et al.*

                                           _/s/ Jason C. Rylander_____
                                           Jason C. Rylander  (D.C. Bar No. 474995)
                                           DEFENDERS OF WILDLIFE
                                           1130 17th Street, NW
                                           Washington, DC 20036
                                           202.772.3245 (telephone)
                                           202.682.1331 (fax)
                                           *jrylander@defenders.org*

                                           *Attorney for Defenders of Wildlife*

4