**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION <br><br> This Document Relates To: <br><br> California Cattlemen's Ass'n, et al. v. Salazar, et al., No. 1:08-cv-1689; <br> Center for Biological Diversity, et al., v. Salazar, et al., No. 1:08-cv-2113; <br> Conservation Force, et al. v. Salazar, et al., No. 1:09-cv-245; <br> Safari Club Int'l, et al. v. Salazar, et al., No. 1:08-cv-1550; <br> State of Alaska v. Salazar, et al., No. 1:08-cv-1352. | Misc. Action No. 08-764 (EGS) <br> MDL Docket No. 1993 |

**FEDERAL DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S MINUTE ORDER OF OCTOBER 14, 2010**

Defendants United States Department of the Interior, Ken Salazar, in his official capacity as the Secretary of the Interior, U.S. Fish and Wildlife Service, and Rowan Gould, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service (collectively referred to as "Federal Defendants"), respectfully submit this supplemental memorandum pursuant to the Court's October 14, 2010 Minute Order, which requested supplemental memoranda addressing the impact on how and when the Court should review and resolve the Listing Rule cases, 4(d) Rule challenge, and the import ban challenge, if the Court were to remand the threatened listing "for further consideration of whether the polar bear is endangered across all or a significant portion of its range." 10/14/10 Minute Order.

## DISCUSSION

**I.     Remand is Not Warranted**

As an initial matter, Federal Defendants respectfully submit that a remand for further consideration of whether the polar bear is endangered across all or a significant portion of its range would be contrary to the plain language of the Endangered Species Act ("ESA"), the administrative record, and longstanding agency practice.  Congress clearly intended that "endangered" classifications be reserved for species facing a substantial and imminent risk of extinction.  *See* FDs' Mem. at 44-45.  The record here demonstrates, and no party disputes, that the polar bear is not currently experiencing a precipitous decline in numbers.  To the contrary, of the nineteen total polar bear populations, only one (Western Hudson Bay) has been shown to be undergoing a statistically significant population decline, and that decline is gradual, approximately 1% per year.  ARL117300 (LR).  The polar bear currently numbers between 20,000 and 25,000 bears rangewide.  ARL117219 (LR).  In sum, while the polar bear faces a serious threat from the continued loss of Arctic sea ice, the species is not in imminent risk of extinction.  Therefore, the Service rationally found that the species is not <u>currently</u> "endangered" (*i.e.*, in danger of extinction), but is "threatened" (*i.e.*, <u>likely to become</u> endangered within the foreseeable future).  Plaintiff Center for Biological Diversity et al.'s (collectively referred to as "CBD") claim that the polar bear should have been found to be "endangered" in 2008 is based on an erroneous reading of the statutory term.

It is worth noting that the Service's "threatened" finding was in accordance with the findings of Service scientists.  Indeed, at no time did any Service scientist recommend that the Service list the polar bear as "endangered" in all or any portion of its range.  In fact, Service scientists tasked with the listing rule recommended a "threatened" – not "endangered" – listing,

even after receiving the results of the Bayesian model. FDs' Mem. at 130-132 (citing ARL105281, 105289, 015294 and other record cites at n. 54). In addition, although Service policy (59 Fed. Reg. 34270 (July 1, 1994)) required review of the proposed listing rule by only three peer reviewers, it underwent review by fourteen experts in the fields of polar bear biology and climatology. ARL117239 (LR). No peer reviewers favored an "endangered" listing. *Id.*

## II.   Remand Would End the Listing Rule Challenges

If, notwithstanding the above, the Court were to remand the polar bear listing rule to the Service, we submit that such a ruling would render moot any remaining issues and/or listing rule challenges brought by CBD as well as by Joint Plaintiffs. Under the ESA's best available science standard (16 U.S.C. § 1533(b)(1)), any remand to "further consider" any aspect of the species' legal status – regardless of whether throughout all or any portion of its range – likely would require a "reconsideration" of the evidence, including all new science that has become available since 2008 on sea ice changes, predictions of future habitat changes, and the species' response to habitat changes. In sum, a remand likely would require the Service to undertake an entirely new rulemaking and prepare a new listing decision, which would be based on a new administrative record. The new final listing rule would, when completed, following public notice and the consideration of all comments, replace and supersede the existing rule, thereby rendering all remaining challenges moot. Any party wishing to challenge the new listing rule would have to file a new lawsuit.

Because the record amply supports a finding that the polar bear is a "threatened" species throughout all of its range, and because a remand to reconsider whether the species qualifies as "endangered" would require a new rulemaking based on a new administrative record, we submit

2

that the Court should, in the event of such remand, leave the "threatened" listing rule and the 4(d) rule in place pending completion of the new listing decision.[1]

### III. Remand Would Make a Stay of the 4(d) and Import Cases Appropriate

If the Court were to remand the listing rule, there would be little utility in proceeding with further litigation on either the 4(d) rule challenge or the import ban challenge. With respect to the 4(d) rule, the outcome of the remand may affect the rule's continued validity. For example, if, on remand, the Service were to conclude that the polar bear qualifies as "endangered" throughout all or a significant portion of its range, then the 4(d) rule would have to be withdrawn for all or that portion of the range where the species was found to be "endangered." Therefore, to conserve the Court's and the parties' resources, we believe it would be prudent to stay the 4(d) rule case until a new listing decision is completed.

We also believe that it would be prudent to stay the import ban challenge until a new decision is completed. If, on remand, the Service were to conclude that the polar bear qualifies as "endangered" rangewide, then ESA Section 9(a)(1)(A), 16 U.S.C. § 1538(a)(1)(A), would bar the importation of polar bear trophies regardless of whether the polar bear is "depleted" under the MMPA, unless the importation qualified under the ESA's narrow exceptions "for scientific purposes or to enhance the propagation or survival of the affected species." 16 U.S.C. § 1539(a)(1)(A). Plaintiffs in the import ban challenge have not applied for any such research or enhancement permits under the ESA.

---

[1] As the Service determined, by allowing continued management pursuant to the Marine Mammal Protection Act ("MMPA") and the Convention on International Trade in Endangered Species, the 4(d) rule provides a conservation benefit to polar bears by allowing certain activities that would otherwise be prohibited under the ESA for endangered species. *See* AR4D012933.

Dated: October 18, 2010

        Respectfully submitted,

        IGNACIA S. MORENO
        Assistant Attorney General
        Environment & Natural Resources Division

        /s/  Robert P. Williams
        ROBERT P. WILLIAMS
        Trial Attorney (SBN 474730 (DC))
        CLIFFORD E. STEVENS, JR.
        Trial Attorney (SBN 463906 (DC))
        MEREDITH L. FLAX
        Sr. Trial Attorney (SBN 468016 (DC))
        U.S. Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0210
        Facsimile: (202) 305-0275

        ***Attorneys for Federal Defendants***