UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION** | **Misc. Action No. 08-0764 (EGS)** <br><br> **MDL Docket No. 1993** |
| **This Document Relates To These Listing Rule and § 4(d) Rule Cases:** <br><br> *State of Alaska v. Salazar, et al.*, No. 1:08-cv-1352; <br> *California Cattlemen's Ass'n, et al. v. Salazar, et al.*, No. 1:08-cv-1689; <br> *Center for Biological Diversity, et al., v. Salazar*, et al., No. 1:08-cv-2113; <br> *Defenders of Wildlife v. United States Department of the Interior*, No. 1:09-cv-153 | |

**PLAINTIFFS STATE OF ALASKA'S AND CALIFORNIA CATTLEMEN'S ASSOCIATION, ET AL.'S SUPPLEMENTAL MEMORANDUM RESPONDING TO COURT'S OCTOBER 14, 2010 MINUTE ORDER**

Plaintiffs State of Alaska ("Alaska") and California Cattlemen's Association, et al. ("CCA")[1] submit that if the Court were to remand the polar bear Listing Rule to the Service for further consideration of whether the species should be listed as "endangered" across all or a significant portion of its range ("SPR"), the impact on this litigation would depend on the nature of the Court's remand order.  If the Court were to remand solely for the Service's further clarification and explanation of whether the polar bear is "endangered" in all or a SPR, then litigation on the remainder of the Listing Rule claims and the § 4(d) Rule cases should be stayed pending the Service's further consideration on remand.  *See, e.g., Defenders of Wildlife v. Kempthorne,* 535 F. Supp. 2d 121, 126 n.2 (D.D.C. 2008) (remand for limited purpose of Service's clarification and explanation of extent to which ESA factors were addressed and considered "is well within the powers of the court").  Following the remand and any additional briefing, the remainder of the Listing Rule and § 4(d) Rule litigation can resume and be determined.

If, however, this Court were to remand for further consideration of the SPR issue based on the Court's determination that as a matter of law the Service did not consider the proper factors or apply a correct legal standard, *see, e.g., Kempthorne,* 535 F. Supp. 2d at 127, then Alaska and CCA respectfully request that the Court first address all of the Listing Rule challenges raised in these consolidated cases, so that on remand the Service would have before it the full scope of issues and items it may need to consider.

The Listing Rule challenges as a whole implicate a number of ESA listing and APA rulemaking standards that may guide the Service on remand—including the application of the

---

[1] The other Joint Plaintiffs briefing group members in the Listing Rule cases, Safari Club International, et al. and Conservation Force, et al., are submitting a separate supplemental memorandum.

term "likely" in ESA § 4; the definition of the "foreseeable future"; the taking into account of foreign nation programs; the appropriateness of the Service's reliance on the USGS population forecasting models; the Service's obligation to adequately respond to public comments; and the adequacy of the Service's ESA § 4(i) compliance.

All of these items could raise important considerations for the Service on remand, and their determination should not await the outcome of the Service's decision (if more than clarification or explanation is called for on remand) on the SPR issue. An agency is to address on remand only those issues as directed by the remand order. *E.g. Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error"); *Roberts v. Geren*, 530 F. Supp. 2d 24, 35 (D.D.C. 2007) ("the scope of the Court's remand determines what issues an administrative agency can address"); *Kempthorne*, 535 F. Supp. 2d at 126 (Service decision on remand properly limited to clarification of whether the regulatory mechanisms in effect at time of listing decision adequately protected the species). Thus, if the Court were to rule as a matter of law on the SPR issue, a limited remand might unnecessarily constrain the Service's ability to address other potential errors, while a decision addressing all of the Listing Rule challenges would provide appropriate judicial guidance on those issues.

This approach is also consistent with the MDL panel's original transfer order (Doc. # 1 at 2). In that order, one of the reasons for the transfer and centralization of the Listing Rule cases was because "[s]treamlining the pretrial resolution of [the] issues will avoid potentially conflicting obligations placed upon the federal defendants." Similarly, addressing all of the Listing Rule challenges at the same time would streamline the resolution of these cases and provide consistent guidance and obligations to the Service. Also, if the Court addresses all of the

Listing Rule challenges, it would be a final disposition posturing the case for appellate review without piecemeal or time-displaced appeals on specific issues within the Listing Rule claims.

As to the impact on the § 4(d) Rule cases of the Court's possible remand on the SPR issue, Alaska[2] submits that the argument on and determination of the § 4(d) Rule claims should be stayed until the Service's completion of any additional steps on remand of the SPR issue. The § 4(d) Rule is linked to the original "threatened" determination. *See* ARL117256 (Final Listing Rule) ("please consult the special rule for the polar bear . . . for all of the prohibitions and exceptions that apply to this" species); AR4D012925-26 (final § 4(d) rule). Thus, any changes to or further explanation of the Listing Rule might impact the contours and bases for the § 4(d) Rule claims. Judicial economy counsels for first ascertaining the contours of any revised Listing Rule on remand before evaluating the § 4(d) Rule claims in light of those revisions. In the interim of a remand on any issue raised by the CBD plaintiffs, the Service's "threatened" determination would remain in effect, as CBD acknowledges. *See, e.g.*, Doc. # 218 at 4 ("The current 'threatened' listing . . . would remain in place pending the completion of the remand.").[3] Thus, the § 4(d) Rule also should remain in effect during the period of any Listing Rule remand.

---

[2] Listing Rule Plaintiff CCA is not a party to the ESA § 4(d) Rule cases, and therefore CCA expresses position on this particular question from the Court's Minute Order

[3] By contrast, Alaska and CCA note that if the Listing Rule is remanded based on any of the Joint Plaintiffs' claims, then that may call for the Listing Rule to be vacated, *see, e.g.*, Doc. # 127 at 42, because there would be no adequate record basis for the "threatened" determination.

DATED this 18th day of 2010.

Respectfully submitted,

| **Counsel for the State of Alaska** | **Counsel for California Cattlemen's Association and the Congress for Racial Equality** |
|---|---|

/s/ Murray D. Feldman
Murray D. Feldman
Holland & Hart LLP
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:  (208) 342-5000
Facsimile:  (208) 343-8869
Email:  mfeldman@hollandhart.com

Craig D. Galli (DC Bar No. 414395)
Holland & Hart LLP
60 E. South Temple, Suite 2000
Salt Lake City, UT  84111-1031
Telephone:  (801) 799-5800
Facsimile:  (801) 364-9124
Email:  cgalli@hollandhart.com

Bradley E. Meyen
Assistant Attorney General
State of Alaska
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK  99501
Telephone:  (907) 269-5232
Facsimile:  (907) 279-2834
Email:  brad.meyen@alaska.gov

/s/ M. Reed Hopper
M. Reed Hopper
Theodore Hadzi-Antich (DC Bar No. 251967)
Damien S. Schiff
Pacific Legal Foundation
3900 Lennane Dr., Suite 200
Sacramento, CA  95834
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
Email: mrh@pacificlegal.org
          tha@pacificlegal.org
          dms@pacificlegal.org

4937739_3.DOC