## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION | ) ) ) | Misc. Action No. 08-0764 (EGS) MDL DOCKET NO. 1993 |
| _____ | ) | |
| | ) | |
| This Document Relates To Case: 08-1550 (Safari Club Listing); 09-245 (Conservation Force Listing) | ) ) ) | |
| | ) | |
| | ) | |
| _____ | ) | |

### SUPPLEMENTAL MEMORANDUM
### BY PLAINTIFFS SAFARI CLUB INTERNATIONAL,
### SAFARI CLUB INTERNATIONAL FOUNDATION,
### AND CONSERVATION FORCE ET AL.
### REGARDING THE COURT'S OCTOBER 14, 2010
### ORDER ON REMAND ISSUES

Douglas S. Burdin
D.C. Bar No. 434107
Anna M. Seidman
D.C. Bar No. 417091
Safari Club International
501 2nd Street, NE
Washington, DC 20002
Tel:  (202) 543-8733
Facsimile:  (202) 543-1205
dburdin@safariclub.org
aseidman@safariclub.org

*Counsel for Plaintiffs*
*Safari Club International and*
*Safari Club International Foundation*

John J. Jackson III
Conservation Force
3240 S I-10 Road W., Suite 200
Metairie, LA  70001
Tel:  (504) 837-1233
Facsimile:  (504) 837-1145
jjw-no@att.net

*Counsel for Plaintiffs Conservation Force et al.*

**A.      Introduction**

Plaintiffs Safari Club International, Safari Club International Foundation, and

Conservation Force *et al.* ("SCI and CF") file this supplemental memorandum in compliance

with the Court's Minute Order of October 14, 2010.  SCI and CF are not joining with any other

parties because (1) SCI and CF have brought unique claims not shared by any other party

(challenge to import ban under the Marine Mammal Protection Act ("MMPA") and enhancement

permit denials); (2) they have not brought a challenge to the Section 4(d) Rule; and (3) they have

made arguments not shared by all the other Joint Plaintiffs (*e.g.,* failure to consider not listing by

range or DPS, and reliance on predictions of future conditions to be established facts).

Nonetheless, SCI and CF have attempted to coordinate with the other Joint Plaintiffs to minimize

duplication.  Subject to caveats discussed below, SCI and CF suggest that the Court resolve all

the claims and issues raised in the Listing case, Import Ban case, and Enhancement case.

**B.      Response to Court's Inquiry**

To answer the two questions the Court posed in its Minute Order, SCI and CF will first

address three issues about the nature of the decision the Court could make under its hypothetical

resolution of the Listing Rule cases:  (A) whether vacatur of the Final Rule would accompany the

remand, (B) would the Court's resolution necessarily involve a rejection of the claims and

arguments that the polar bear is not threatened in all or portions of its range; and (C) would the

decision on remand be based on the record as of 2008, or would the Service be conducting a

wholly new rulemaking process based on an updated record and public comment?

**Issue A:**  The basis of the Court's hypothetical remand to consider whether the polar bear

is endangered across all or a significant portion of its range is unknown to SCI and CF.

Normally, upon finding a flaw in an agency decision, the Court would vacate the rule and

1

remand for a new decision.  Alternatively, the Court might remand without vacating the Final

Rule.  Due to the Section 4(d) Rule, the listing of the polar bear is not providing any protections

not already afforded by the MMPA and is actually harming the conservation benefits provided

by sustainable sport hunting and importation , as SCI and CF have explained in prior briefs.

Thus, SCI and CF would support vacatur upon any finding that the Listing Final Rule is flawed.

     **Issue B:**  It is unclear whether the Court's hypothetical remand would involve a rejection

of the Joint Plaintiffs' claims that the polar bear should not have been listed at all (or, under SCI

and CF's alternative claims, in certain portions of its range or in certain DPSs).  The Court may

have found a flaw in the decision-making process related to the "not endangered" finding that

would ***not*** preclude concurrent or later resolution of the challenges to the threatened

determination.  It is also possible that the Court might conclude it cannot resolve any of the

claims until the Service has corrected whatever the Court orders to be addressed on remand.  The

Court might also decide to uphold the determination that the polar bear is threatened throughout

its range (*i.e.,* reject the Joint Plaintiffs' claims) as part of its final decision.

     **Issue C:**  The question of the record on remand is important because of the time involved

in any remand.  If the remand is to be based on a clarification of the decision based on the record

as of May 15, 2008, it would be more limited in nature and may not need to involve public

comment.  If the remand is going to be based on an updated record (*i.e.,* up to the time of a new

decision), it would likely need to include public comment and additional procedures.  This would

mean significant additional unreasonable delay, particularly for those U.S. citizens who hunted

prior to the listing of the polar bear and expected to be able to import their polar bear into the

United States before any import ban went into effect.

**SCI and CF's Positions on Court Question One:**  If the Court vacates the Final Rule as part of the remand, SCI and CF would support holding in abeyance a decision on the other claims in the Listing Rule case.  Otherwise, SCI and CF generally favor a resolution of all claims as soon as possible.  A resolution of all claims would allow SCI and CF, and any other party, to appeal that decision if necessary.  It has been 2½ years since SCI members, CF Plaintiffs, and other U.S. hunters have been able to obtain permits to import polar bears and thereby contribute to the conservation of the species.  If the Court is prepared to resolve the Joint Plaintiffs' claims or, in particular, if the basis of the remand necessarily includes a rejection of the Joint Plaintiffs' claims, justice requires that the Court decide these claims as soon as possible.  SCI and CF might not oppose a short delay in deciding the Joint Plaintiffs' claims only if the remand was limited (narrow issues to be reconsidered based on the 2008 record) and under a deadline, and/or the Court's was not ready or able to resolve the Joint Plaintiffs' claims until after the remand.

**Court Question Two:**  Unless the Court vacates the Final Rule as part of the remand, SCI and CF favor an expeditious resolution of their Import Ban and Enhancement challenges.[1]  Individuals who lawfully hunted polar bear in Canada while it was legal to import their bear into the United States and who were deprived of the opportunity to do so by the California court's order to make any listing decision effective immediately, have waited a long time for resolution of the Import Ban challenge and continue to incur significant expense to store their polar bears.  These claims are ripe.  The case is fully briefed.  The Court could provide effective relief to these aggrieved individuals now, regardless of the ultimate resolution of any hypothetical remand.

---

[1] Counsel for Plaintiffs Kreider and Hershey, who are only parties to their own Import Ban cases, informed counsel for SCI that Plaintiffs Kreider and Hershey join in SCI and CF's position on the Import Ban case.

Dated:  October 18, 2010.

Respectfully Submitted,

/s/ Douglas S. Burdin_____
Douglas S. Burdin (D.C. Bar No. 434107)
Anna M. Seidman (D.C. Bar No. 417091)
Safari Club International
501 2nd Street, NE
Washington, DC 20002
Tel:  (202) 543-8733
Facsimile:  (202) 543-1205
dburdin@safariclub.org
aseidman@safariclub.org

*Counsel for Plaintiffs*
*Safari Club International and*
*Safari Club International Foundation*

/s/ John J. Jackson III_____
John J. Jackson III
Conservation Force
3240 S I-10 Road W., Suite 200
Metairie, LA  70001
Tel:  (504) 837-1233
Facsimile:  (504) 837-1145
jjw-no@att.net

*Counsel for Plaintiffs Conservation Force et al.*