# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE POLAR BEAR ENDANGERED SPECIES ACT LISTING AND § 4(d) RULE LITIGATION | )<br>)<br>) Misc. Action No. 08-764 (EGS)<br>) MDL Docket No. 1993 |
| This Document Relates To: | )<br>) |
| California Cattlemen's Ass'n, et al. v. Salazar, et al., No. 1:08-cv-1689;<br>Center for Biological Diversity, et al., v. Salazar, et al., No. 1:08-cv-2113;<br>Conservation Force, et al. v. Salazar, et al., No. 1:09-cv-245;<br>Safari Club Int'l, et al. v. Salazar, et al., No. 1:08-cv-1550;<br>State of Alaska v. Salazar, et al., No. 1:08-cv-1352. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FEDERAL DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN

## RESPONSE TO THE COURT'S MINUTE ORDER OF OCTOBER 20, 2010

## TABLE OF CONTENTS

**PAGE**

I.   Introduction ................................................................................................................... 1

II.  Discussion...................................................................................................................... 1

   A.   The Limited Remand the Court is Contemplating Would
       Not Require Further Public Notice and Comment............................................................. 1

   B.   The Service's Further Explanation on Remand Would Be
       Entitled to *Chevron* Deference............................................................................. 5

   C.   The Service Must be Afforded Sufficient Time to Complete
       Any Remand ...................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

Action on Smoking and Health v. Civil Aeronautics Bd., 699 F.2d 1209 (D.C. Cir. 1983) .......... 2

American Fed'n of Labor and Congress of Indus. Orgs. v. Chao,
  496 F. Supp. 2d 76 (D.D.C. 2007) ............................................................................. 2

Ass'n of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of the Fed. Reserve Sys.,
  745 F.2d 677 (D.C. Cir. 1984) ................................................................................. 4

Barnhart v. Walton, 535 U.S. 212 (2002) ......................................................... 6, 7, 8, 9

Building Indus. Ass'n of Superior Cal. v. Norton, 247 F.3d 1241 (D.C. Cir. 2001) ..................... 4

California Valley Miwok Tribe v. United States, 515 F.3d 1262 (D.C. Cir. 2008) ...................... 7

Camp v. Pitts, 411 U.S. 138 (1973) ................................................................................ 3

Casinos v. Kempthorne, 492 F.3d 460 (D.C. Cir. 2007) ................................................... 7

Chamber of Commerce v. SEC, 443 F.3d 890 (D.C. Cir. 2006) .......................................... 3

Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984) ................................ 1, 6

Ctr. for Biological Diversity v. Norton, 212 F. Supp. 2d 1217 (S.D. Cal. 2002) .......................... 9

Cutler v. Hayes, 818 F.2d 879 (D.C. Cir.1987) ............................................................. 10

Mobil Oil Corp. v. U.S. EPA, 35 F.3d 579 (D.C.Cir. 1994) ............................................... 2

Mylan Labs, Inc. v. Thompson, 389 F.3d 1272 (D.C. Cir. 2004)......................................... 7

New York State Bar Ass'n v. FTC, 276 F. Supp. 2d 110 (D.D.C. 2003) ...................................... 8

Pharmaceutical Research and Mfrs. America v. Thompson,
  362 F.3d 817 (D.C. Cir. 2004)..................................................................... 7, 8, 9

Sierra Club v. EPA, 325 F.3d 374 (D.C. Cir. 2003) ...................................................... 4

Solite Corp. v. EPA, 952 F.2d 473 (D.C. Cir. 1991) .................................................... 3

United States v. Mead Corp., 533 U.S. 218 (2001) ............................................... 6, 7, 8

United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483 (2001) ...................................... 9

## **STATUTES**

5 U.S.C. § 553 ........................................................................................................................... 5, 6

5 U.S.C. § 553(b) .......................................................................................................................... 2

5 U.S.C. § 553(b)(3)(A) ................................................................................................................ 5

16 U.S.C. § 1532(6) .................................................................................................................. 3, 5

16 U.S.C. § 1533(a)(1) .................................................................................................................. 8

16 U.S.C. § 1533(h) ................................................................................................................... 1, 2

16 U.S.C. § 1536(a)(2) .................................................................................................................. 8

16 U.S.C. § 1538 ........................................................................................................................... 8

I.      **Introduction**

Federal Defendants respectfully submit this supplemental memorandum pursuant to the

Court's October 20, 2010 Minute Order, which requested supplemental briefing on whether

further "public notice and comment rulemaking procedures"[1] would be required if the Court

were to remand to the agency for the limited purpose of providing additional explanation of how

it interpreted the statutory phrase "in danger of extinction" – which is included in the definition

of "endangered" – in the polar bear Listing Rule.[2]  As addressed below, further public notice and

comment would not be required for such a limited remand, and such procedures are not a

prerequisite for deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837

(1984).  A proposed Order is attached.

II.     **Discussion**

      A.      **The Limited Remand the Court is Contemplating Would Not Require
              Further Public Notice and Comment**

A limited remand for further explanation of the Service's statutory interpretation of the

phrase "in danger of extinction" in the polar bear Listing Rule would not require further public

notice and comment for two basic reasons.  First, nothing in the Endangered Species Act

("ESA") would require it.  At the October 20, 2010 hearing, counsel for Plaintiffs Center for

Biological Diversity et al. ("CBD," collectively) argued that Section 4(h) of the Act, 16 U.S.C. §

1533(h), would require the Service to undergo further public notice and comment on remand.

That is not correct.  Section 4(h) applies only to the promulgation of "agency guidelines to insure

that the purposes of this section are achieved efficiently and effectively."  *Id*.  The Act lists as

---

[1] As explained more fully below, Federal Defendants do not understand the Court to contemplate a remand for further <u>rulemaking</u>, which could entail more than just public notice and comment, including compliance with additional regulatory requirements.

[2] By submitting the instant brief, Federal Defendants do not concede that remand is warranted, and they preserve all claims and defenses, as well as any right to seek reconsideration and/or appellate review of any remand order.

examples of such guidelines: "(1) procedures for recording the receipt and the disposition of petitions submitted under subsection (b)(3) of this section; (2) criteria for making the findings required under such subsection with respect to petitions; (3) a ranking system to assist in the identification of species that should receive priority review under subsection (a)(1) of the section; and (4) a system for developing and implementing, on a priority basis, recovery plans under subsection (f) of this section." *Id*. The existing polar bear Listing Rule fits in none of these categories. The Rule does not implement generally-applicable "guidelines" for processing listing petitions or for listing decisions. It is a rulemaking regarding the listing status of a particular species and at most involves specific application of general procedures. Accordingly, a Court-ordered remand for further explanation would not implicate Section 4(h).

Second, further notice and comment would not be required on this type of remand under the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(b), (c), because the Service would not be engaged in rulemaking. Importantly, the Court has not held the Listing Rule to be arbitrary and capricious, and has indicated that the limited remand would be without vacatur of the Listing Rule. Thus, the product of the limited remand would not constitute a new rulemaking that would trigger notice and comment procedures under the APA.[3] Indeed, during the limited remand, the Service would not conduct any additional fact gathering or reopen the administrative

---

[3] A limited remand <u>without vacatur</u> for further explanation of the Service's contemporaneous legal interpretation of the statutory phrase "in danger of extinction" in the existing polar bear Listing Rule is easily distinguished from the line of D.C. Circuit cases holding that notice and comment rulemaking procedures are required under the APA where an agency rule has been <u>vacated</u>. Unlike the situation presented here, where a rule has been vacated there is nothing left to explain, and the agency must begin rulemaking anew or invoke the APA's good cause exception. *See, e.g., Action on Smoking and Health v. Civil Aeronautics Bd.*, 699 F.2d 1209 (D.C. Cir. 1983); *Mobil Oil Corp. v. U.S. EPA*, 35 F.3d 579 (D.C.Cir. 1994); *see also American Fed'n of Labor and Congress of Indus. Orgs. v. Chao*, 496 F. Supp. 2d 76 (D.D.C. 2007).

record to consider any additional scientific information.  Rather, the Court has indicated that the

remand would be for the limited purpose of allowing the Service to provide further explanation

of how it previously interpreted the statutory phrase "in danger of extinction," 16 U.S.C. §

1532(6).  *Accord Camp v. Pitts*, 411 U.S. 138, 142-43 (1973) (noting that, where there has been a

"failure to explain administrative action as to frustrate effective judicial review, the remedy [is]

not to hold a de novo hearing but . . . to obtain from the agency . . . such additional explanation

of the reasons for the agency decision as may prove necessary").[4]  Moreover, nothing in the

Service's written explanation would establish, nor would the Service intend to establish, a

binding norm of general applicability with prospective effect.

   D.C. Circuit case law makes clear that further public notice and comment would not be

required for the limited remand contemplated by the Court.  *See, e.g.*, *Chamber of Commerce v.

SEC*, 443 F.3d 890, 900 (D.C. Cir. 2006).  In *Chamber of Commerce*, the D.C. Circuit reiterated

its prior holdings that, even where an agency conducts additional fact gathering on remand and

considers information that was unavailable during the notice and comment period, further notice

and comment is not required as long as the new information "merely supplements information in

the rulemaking record by checking or confirming prior assessments without changing

methodology, . . . by confirming or corroborating data in the rulemaking record, . . . or by

internally generating information using a methodology disclosed in the rulemaking record."  *Id.*

at 900 (internal citations omitted); *see also Solite Corp. v. EPA*, 952 F.2d 473, 484 (D.C. Cir.

1991) (noting that "an agency may use 'supplementary' data, unavailable during the notice and

comment period, that 'expand[s] on and confirm[s]' information contained in the proposed

---

[4] For these reasons, any argument that the additional explanation provided on remand would be unlawful post-hoc rationalization lacks merit.  *See Camp v. Pitts*, 411 U.S. at 143 (noting that remand for further consideration is appropriate where there was contemporaneous explanation of the agency decision, even if the explanation "may have been curt").

rulemaking and addresses 'alleged deficiencies' in the pre-existing data, so long as no prejudice is shown") (citations omitted).

Consistent with these precedents, in *Sierra Club v. EPA*, 325 F.3d 374 (D.C. Cir. 2003), having found an agency rule "at best inadequately explained," the D.C. Circuit "remand[ed] for further explanation, though not necessarily for further notice-and-comment rulemaking." *Id.* at 382; *see also Building Indus. Ass'n of Superior Cal. v. Norton*, 247 F.3d 1241, 1246 (D.C. Cir. 2001) (rejecting a claim that the Service failed to make a study available for public comment because "a final rule that is a logical outgrowth of the proposal does not require an additional round of notice and comment even if the final rule relies on data submitted during the comment period" that was not subject to public notice and comment). So long as "at least the most critical factual material that is used to support the agency's position on review . . . has been made public in the proceeding and exposed to refutation," an agency is not required to afford the public additional opportunity to submit comments. *Ass'n of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of the Fed. Reserve Sys.*, 745 F.2d 677, 684-85 (D.C. Cir. 1984).

Here, there would be no additional fact gathering whatsoever on remand and no change to the listing decision; only further explanation of how the Service interpreted a statutory phrase used in the listing decision that was made. All of the significant scientific information that the Service considered in making its listing determination for the polar bear has been made available for public review and comment already, and the public has had the opportunity to comment on whether or not the polar bear qualifies as "endangered" throughout all or a significant portion of its range.[5]

---

[5] For instance, the Listing Rule states that "[o]ne commenter asserted that the best available scientific information indicates that polar bear populations in two ecoregions defined by Amstrup et al. (2007)—the Seasonal Ice ecoregion and the polar basin Divergent ecoregion—should be

In sum, under D.C. Circuit precedent, a limited remand without vacatur for further

explanation of the Service's contemporaneous legal interpretation of the statutory phrase "in

danger of extinction" would not require further notice and comment.  16 U.S.C. § 1532(6).[6]

Although this conclusion is well supported by the controlling law of this Circuit, given the

multiple pending legal challenges to the Listing Rule and CBD's assertions at the October 20,

2010 hearing, the Service is concerned that the product of such a remand could be the subject of

further legal challenge, including a claim that further notice and comment was necessary.

Therefore, Federal Defendants respectfully request that, rather than merely deferring to the

Service to determine whether further notice and comment are required, the Court make clear in

its opinion that further notice and comment are not required on remand.  In the event that further

notice and comment procedures are ordered, Federal Defendants respectfully request that the

Court make clear in its Order that 5 U.S.C. § 553 rulemaking procedures are not implicated.  The

Service has submitted a proposed Order for the Court's consideration.

> ### B.   The Service's Further Explanation on Remand Would Be Entitled to Chevron Deference

---

listed as endangered."  ARL117253 (LR) (comment 53).  In response, the Service explained that
it had "separately evaluated whether polar bear populations in these two ecoregions qualify for a
different status than polar bears in the remainder of the species' range" and had "determined that
while these polar bears are likely to become in danger of extinction within the foreseeable future,
they are not currently in danger of extinction."  Id.; see also id. at response to comment 56
(explaining, in response to a comment that "[p]olar bears are likely to become endangered within
one to two decades," that although "[p]olar bear populations are being affected by habitat loss
now, and will continue to be affected within the foreseeable future," the Service "[did] not
believe that the species is currently endangered, but we believe it is likely that the species will
become endangered during the foreseeable future given current and projected trends").

[6] This conclusion also is bolstered by the APA itself.  By analogy, a remand for further
explanation of the Service's interpretation of the phrase "in danger of extinction" is akin to an
interpretive rulemaking, for which the APA does not require notice and comment.  5 U.S.C. §
553(b)(3)(A).

As explained above, a limited remand for further explanation of the Service's legal interpretation of the statutory phrase "in danger of extinction" would not require further notice and comment.  A separate, but related, question is whether the Service's interpretation, as further explained on a remand that did not include further notice and comment, would be eligible for deference under *Chevron*, 467 U.S. 837.  The answer is yes.  Further notice and comment on remand are not required for *Chevron* deference to apply.

The Supreme Court has addressed when *Chevron* deference is accorded to agency interpretations of a statute.  In *United States v. Mead Corp.*, 533 U.S. 218 (2001), the Supreme Court held that *Chevron* deference is warranted when Congress has delegated authority to the agency "generally to make rules carrying the force of law, and . . . the agency interpretation claiming deference was promulgated in the exercise of that authority."  *Mead*, 533 U.S. at 226-27.  The Supreme Court stated that delegation of such authority "may be shown in a variety of ways, such as by an agency's power to engage in adjudication or notice-and-comment rulemaking, or by some other indication of a comparable congressional intent."  *Id.* at 227.  While notice and comment rulemaking therefore is one indicator that *Chevron* deference is warranted, the absence of such a procedure does not alone "bar the application of *Chevron*."  *Id.* at 230-31.  *See also Barnhart v. Walton*, 535 U.S. 212, 221 (2002) ("fact that the Agency previously reached its interpretation through means less formal than 'notice and comment' rulemaking, *see* 5 U.S.C. § 553, does not automatically deprive that interpretation of the judicial deference otherwise its due.").  In *Barnhart*, the Court read *Mead* to have "denied the suggestion" of an absolute rule requiring notice and comment for *Chevron* deference. *Id.* at 222.

Likewise, the D.C. Circuit has accorded *Chevron* deference to agency legal interpretation, notwithstanding the lack of notice and comment.  *See California Valley Miwok*

6

*Tribe v. United States*, 515 F.3d 1262, 1266 (D.C. Cir. 2008) (applying *Chevron* deference

notwithstanding that the "Secretary's legal interpretation did not come in either a notice-and-

comment rulemaking or a formal adjudication, the usual suspects for *Chevron* deference") (citing

*Barnhart*, 535 U.S. at 222)); *Mylan Labs, Inc. v. Thompson*, 389 F.3d 1272, 1279 (D.C. Cir.

2004) ("'[T]he want of' notice and comment 'does not decide the case'" against *Chevron*

deference") (citing *Barnhart*, 535 U.S. at 222 and *Mead*, 533 U.S. at 230-31); *Citizens Exposing

Truth about Casinos v. Kempthorne*, 492 F.3d 460, 466 (D.C. Cir. 2007) (finding that, in *Mead*,

the Supreme Court "acknowledged that even in the absence of notice and comment or

administrative formality there may be reasons for according *Chevron* deference where an agency

action has the force of law"); *Pharmaceutical Research and Mfrs. America v. Thompson*, 362

F.3d 817, 822 n.5 (D.C. Cir. 2004) ("we note that, while 'the overwhelming number of . . . cases

applying *Chevron* deference have reviewed the fruits of notice-and-comment rulemaking or

formal adjudication,' *Chevron* deference may be warranted 'even when no such administrative

formality was required and none was afforded'") (quoting *Mead*, 533 U.S. at 230-31).

These authorities make it clear that notice and comment are not required for *Chevron*

deference to apply.  In deciding whether *Chevron* deference is warranted, courts must examine

the nature of the agency action, including whether the agency is acting pursuant to

congressionally-delegated authority and with the force of law.  *Mead*, 533 U.S. at 226-27.

Courts also must consider the nature of the legal question, whether the agency is bringing its

expertise to bear on the question, the importance of the issue to the administration of the statute,

the complexity of that administration and the consideration given the issue by the agency.

*Barnhart*, 535 U.S. at 222; *see also Pharmaceutical Research and Mfrs. America*, 362 F.3d at

822 n.5 (with regard to the Secretary's "authority to review and approve state Medicaid plans"

done without notice and comment, the Court held that "[t]hrough this 'express delegation of specific interpretive authority,' *Mead*, 533 U.S. at 229, . . . the Congress manifested its intent that the Secretary's determinations, based on interpretation of the relevant statutory provisions, should have the force of law.").[7]

Applying these principles, the Service's interpretation of the statutory phrase "in danger of extinction" for the polar bear Listing Rule, as further explained on remand, properly would be accorded *Chevron* deference.  In listing the polar bear, the Service is acting pursuant to an express delegation of congressional authority to list threatened and endangered species.  16 U.S.C. § 1533(a)(1); *Mead*, 533 U.S. at 226-27.  On remand, the agency would be further explaining its exercise of that congressionally-delegated power.  The Service would not be making a new listing determination or issuing a new interpretation of the statute.   Moreover, the Service's listing decision for the polar bear, as further explained on remand, has the force of law. 16 U.S.C. § 1536(a)(2) (federal agency consultation requirement) 16 U.S.C. § 1538 (prohibited acts); *Mead*, 533 U.S. at 226-27; *Pharmaceutical Research and Mfrs. America*, 362 F.3d at 822 n.5.   In addition, in both the final listing rule and on remand, the Service would be bringing its expertise to bear on a complex question that is important to the administration of the statute.

---

[7] In *Mead*, the Supreme Court stated that, "[i]t is fair to assume generally that Congress contemplates administrative action with the effect of law when it provides for a relatively formal administrative procedure tending to foster the fairness and deliberation that should underlie a pronouncement of such force." *Mead*, 533 U.S. at 230.  Thus, where the agency makes a statutory interpretation for the first time after completion of the rulemaking and without due deliberation, that decision may not be entitled to *Chevron* deference.  *See, e.g., New York State Bar Ass'n v. FTC*, 276 F. Supp. 2d 110 (D.D.C. 2003) ("The total lack of a deliberative process by the FTC before reaching its decision on this issue is problematic.").  However, that would not be the case here.  On remand, the Service would not be deciding for the first time that the polar bear does not qualify as an endangered species based on its interpretation of the phrase "in danger of extinction."  It would be further explaining its prior decision and interpretation, which were reached after a full rulemaking process including notice and comment.

*Barnhart*, 535 U.S. at 222.  Thus, *Chevron* deference clearly would apply to the polar bear

Listing Rule and the Service's statutory interpretation of the phrase "in danger of extinction" as

further explained on remand.  Finally, while notice and comment are not required and are only

one indicia of whether *Chevron* deference is due, that indicia is present in this case because the

Listing Rule underwent notice and comment.  The public had ample opportunity to address

whether the polar bear is an endangered species.

 For all of these reasons, *Chevron* deference would apply to the Service's interpretation

of the phrase "in danger of extinction" regardless of whether that interpretation underwent

further notice and comment on remand.

### C.      The Service Must be Afforded Sufficient Time to Complete Any Remand

Regardless of the Court's determination on the necessity of notice and comment on any

limited remand, the Court can and should grant the Service a reasonable amount of time to

complete such a remand.  *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 496

(2001) ("when district courts are properly acting as courts of equity, they have discretion unless a

statute clearly provides otherwise.").  The Court has significant discretion when ordering a

limited remand to set a reasonable schedule for its completion.  *See Ctr. for Biological Diversity

v. Norton*, 212 F. Supp. 2d 1217, 1221 (S.D. Cal. 2002), *modified*, No. 01-2101, 2003 WL

22225620 (S.D. Cal. 2003).

Here, the Service proposes two different schedules for completion of the remand,

depending on whether further notice and comment on the Service's legal interpretation of the

statutory phrase "in danger of extinction" are necessary.  As set forth in the declaration of Gary

Frazer, the Service's Assistant Director for Endangered Species, if notice and comment are not

necessary, the Service will require 45 days from the entry of the Court's Order to complete the

remand.  Frazer Decl. ¶ 3.[8]  If notice and comment are necessary, then the Service will require 7 months to complete the remand.  *Id.* ¶¶ 4-8.  The schedules the Service proposes are entirely reasonable, and the Court should defer to them.  *Cutler v. Hayes*, 818 F.2d 879, 896 (D.C. Cir.1987) (courts "begin with recognition that an administrative agency is entitled to considerable deference in establishing a timetable for completing its proceedings," as "[a]n agency has broad discretion to set its agenda and to first apply its limited resources to the regulatory tasks it deems most pressing.").

Respectfully submitted: October 27, 2010

> IGNACIA S. MORENO
> Assistant Attorney General
> Environment & Natural Resources Division
>
> /s/ Clifford E. Stevens, Jr.
> CLIFFORD E. STEVENS, JR., Trial Attorney
>
> /s/ Robert P. Williams
> ROBERT P. WILLIAMS, Trial Attorney
>
> /s/ Meredith L. Flax
> MEREDITH L. FLAX, Sr. Trial Attorney
>
> U.S. Department of Justice
> Wildlife & Marine Resources Section
> Ben Franklin Station, P.O. Box 7369
> Washington, D.C. 20044-7369
> Tel: (202) 305-0210; Fax: (202) 305-0275
>
> ***Attorneys for Federal Defendants***

---

[8] While the Court has indicated that it believes 30 days would be sufficient, the Service respectfully requests that the Court reconsider this timeframe in light of the important nature of this case, the potential implications of the document, a desire to provide the Court with an excellent product, and the required involvement of numerous agency personnel. Frazer Decl. ¶ 3.